## HANNA HANSEN

### v.

## SUPREME LODGE KNIGHTS OF HONOR.

*Life Insurance—Mutual Benefit Association—Assessments—Sufficiency of Notice of—Evidence.*

1. Injurious error will alone reverse.

2. The fact that a notice of assessment sent out by a mutual benefit association was not addressed to a member upon its face, cuts no figure, where the same was sent and received in an envelope properly directed.

3. Nor can the failure of such notice to specify the amount of an assessment, when the member receiving it was aware from his knowledge of the laws of the order, the conditions of his membership and his experience of past assessments, of the amount thereof, be held misleading.

4. Where there is no requirement under the laws of the order that such notice shall be signed by the reporter of the lodge, but they do provide that the official seal shall be affixed to all official documents and papers issued by and under its authority, the presence of such seal upon such notice is sufficient, and the absence of the reporter's signature therefrom does not constitute a substantial defect.

5. An application for reinstatement by a member should not be admitted in evidence as tending to show an admission by him that he had received notice to pay an assessment, for the non-payment of which he was suspended, in an action brought by a wife to recover on a benefit certificate issued to her by reason of her husband's membership in a mutual benefit association.

6. In the case presented, in view of the evidence, this court declines to adopt the contention of the plaintiff, that the beneficiary being ill at the time he was called to pay the assessment in question, and being entitled to sick benefits, the lodge was bound to apply so much of his sick benefits as was necessary to pay his assessments, and holds that the judgment for the defendant can not be disturbed.

[Opinion filed March 13, 1891.]

APPEAL from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding.

Mr. H. B. STEVENS, for appellant.

Messrs. CRATTY BROS. & ASHCRAFT, for appellee.

MORAN, P. J. Appellant brought her action in the court below to recover on a certain benefit certificate issued to her by reason of her husband, Gilbert Hansen's, membership of a local lodge of the order of Knights of Honor. The certificate was payable on condition that the said Gilbert Hansen should be in good standing at the time of his death. The verdict of the jury was rendered by direction of the court, in favor of appellee, and from the judgment rendered on the verdict, this appeal is prosecuted.

The law of the order provides for the making of assessments on members for the maintenance of the benefit fund, and for notices of such assessments from the grand lodge to the subordinate lodge, and by said subordinate lodge to the respective members.

Notice of assessment No. 175 was sent by the local lodge of which he was a member to Gilbert Hansen's address, and was received by him on or about January 26, 1886. The material part of said notice was as follows:

"January 26, 1886.

"*Dear Sir and Bro.:*—Assessment No. 175, amounting to $——, is now due and must be paid within thirty days from this date.

"(Seal of Wicker Park Lodge).

"———————,

"Reporter."

It is left uncertain by the evidence whether the notice was signed with the name of the reporter, and probably it is to be taken that it was not, and it is agreed that the amount of the assessment was not stated in it, and that on its face it was not addressed to Gilbert Hansen. The said copy of notice

was admitted by the court against plaintiff's objection, and it is now contended that it was not a sufficient notice. It is admitted that the notice was inclosed in an envelope, with said Hansen's address upon it, and that it was duly received by him. From that fact he knew it was for him, and the fact that his name was not written on the face of the notice, is, in our opinion, a matter of no consequence.

As to the amount of the assessment, that is, by the by-laws of the order, fixed according to the age of the particular member, and is not variable, and can neither be increased nor diminished while he remains a member, and the amount of said Hansen's assessments fixed according to his age when he entered the order was $1, and during the five years that he was a member, each assessment which he paid was just that amount. He knew, then, from the laws of the order, the conditions of his membership, and the experience of past assessments, the amount which it was his duty to pay, and the failure of the notice to specify the amount left him in no uncertainty on that point, and had no tendency to mislead him.

The by-laws provide that the lodge shall have a seal "which shall be affixed to all official documents and all papers issued by and under its authority." There is no requirement of the law that notices shall be signed by the reporter of the lodge, though they were usually so signed.

The seal of the lodge was upon this notice, and we think it a substantial compliance with the laws of the order, and that the absence of the reporter's signature upon the notice was not a substantial defect. There is no pretense that Hansen was in any manner misled, or that he was not fully and effectually informed that it was his duty to comply with said assessment 175, by forwarding $1 to his lodge. Karcher v. Supreme Lodge Knights of Honor, 137 Mass. 368.

He failed to pay said assessment at any time, and died May 9, 1886.

The law of the order governing the payment of assessments provides, "Each member shall pay the amount due within thirty days from the date of such notice, failing which

he shall stand suspended, and shall not be entitled to the benefits of the widows and orphans' benefit fund until he has been duly reinstated in his subordinate lodge in accordance with the laws of the order."

By force of this law, Hansen was, for failure to pay said assessment No. 175, *ipso facto* suspended. No act or proceeding of the lodge was necessary to cut him off from any right to the benefit fund. His failure to pay the assessment within thirty days of the receipt of said notice effectually disentitled him and avoided his certificate. Appellant's rights under the certificate might be restored, had he again been reinstated in his lodge before his death, but that was not done. He was not in good standing at the time of his death, but stood suspended from the order; therefore appellant was not entitled to recover on said benefit certificate. Borgrafe v. Knights of Honor, 22 Mo. App. 127; Ill. Masons' Benev. Soc. v. Baldwin, 86 Ill. 479.

After Hansen was suspended by operation of the law of the order he made formal application to his lodge to be reinstated, but the lodge required him to procure a medical examination before they would act on his case, and this he never did.

His application to be reinstated was introduced in evidence as tending to show an admission by him that he had received notice to pay assessment No. 175, for the non-payment of which he was suspended. This is assigned as error. We think such an admission by him was not admissible against the plaintiff in the action. She does not claim under him. The cause of action accrued to her on the certificate in her own right by virtue of his prior acts. It may have been defeated by his acts or omissions, but those acts or omissions must be proved against her, in the regular manner, and his admission that such acts or omissions occurred was not evidence against her. Lazensky v. Supreme Lodge Knights of Honor, 31 Fed. Rep. 592; Supreme Lodge Knights of P. v. Schmidt, 98 Ind. 374.

But while the admission of this evidence was error, it will not reverse, because without this evidence the fact of Hansen's suspension is clearly made out, and whether such evi-

dence was rejected or received the result must have been the same. It is only injurious error that will reverse.

It is contended that Gilbert Hansen was sick at the time he was called upon to pay said assessment No. 175, and that he was entitled to sick benefits, and that under the laws of the order, the lodge was bound to apply so much of his sick benefits as was necessary to pay his assessments to the benefit fund, to the discharge of such assessments. This contention renders it necessary to examine the laws governing the order to see what is their true meaning. The order has two sets of laws, or constitutions, which latter term is applied in the printed pamphlet containing them.

1st. The constitution which governs the Supreme Lodge and provides for instituting grand and subordinate lodges, and defines their powers. This constitution provides for the widows and orphans' benefit fund, fixes the amounts of assessments according to age of member, prescribes the notice, and declares the suspension for non-payment.

2d. The constitution governing subordinate lodges, article 7 of which provides that each member of such lodge shall pay as dues such sum as shall be prescribed by the by-laws, provides for suspension for failure to pay dues or fines, and for reinstatement of member suspended. Sec. 4 of said article relates to sick benefits, and provides that the subordinate lodge may pay sick benefits, may regulate by by-laws the amount thereof, and declares, "any member who may be taken sick or become disabled while in arrears to this lodge for dues or fines, can not, by paying the same, become a beneficiary, nor receive benefits during said sickness or disability; nor can a member who is a beneficiary and receiving benefits become in *arrears* so as to debar him from them, the dictator being authorized to pay the financial reporter, from the amount drawn from his weekly benefits, a sum sufficient to prevent his becoming in *arrears*."

This has manifest reference to the dues which may become payable to the subordinate lodge. The word "arrears" is nowhere in the laws of the order applied to unpaid assessments. A member is never referred to as being in "arrears"

on assessments. A member must pay his assessment within thirty days from the date of notice, "failing which he shall stand suspended." But "any member who may become in arrears for dues or fines shall not" vote, or hold office, or be entitled to benefits, though his assessments may have been all promptly paid, and "when six months in arrears for dues or fines, he shall stand suspended," though he owes nothing on assessments.

So in Sec. 3 of said Art. 7 of laws governing subordinate lodges, which prescribes the terms on which a member suspended for non-payment of dues, fines or assessments may be reinstated, it is declared " the application must be accompanied *with the full amount he is in arrears for dues and fines,* the assessment on which he was suspended, and the first assessment due from the lodge after the date of reinstatement."

Dues and fines and sick benefits are matters within the control of the subordinate lodge, and a member beneficiary, that is, entitled to sick benefits, is not to become in arrears for dues and fines while receiving them. Such dues and fines, if any accrue during such period, are to be deducted from the amount of his sick benefit. The arrears which are to be prevented by such deductions are not "arrears" for assessments, for no such arrears are known to the law of the order, and the dictator has no authority to pay anything which if not paid would not put the member in arrears. The widows and orphans' benefit fund, and the sick benefit fund, are entirely separate, not blended with, or dependent upon each other, and a member while drawing sick benefits, in full accordance with the laws governing that fund, may be cut off from his rights in the order by a suspension for failing to pay an assessment.

This view of the laws of this order has been taken in two cases, each decided by a circuit judge of the United States Court; Hawkshaw v. Supreme Lodge K. of H., 29 Fed. Rep. 770, and Eaton v. Same, 22 C. L. J. 560.

It is claimed, however, that the opinions were mere *obiter*, as the question was not in either case. However that may be, the views announced by the learned judges are sound, and we cite the cases with approval, though, without relying on them, we should come to the same conclusion which they reached.

The judgment of the Circuit Court is correct and must be affirmed.

*Judgment affirmed.*

GARY, J., dissenting.    I think a proper construction of the charter of subordinate lodges, as cited by Judge Moran, requires such lodge to prevent, as far as sick benefits will extend, a member in the receipt of sick benefits from falling in arrear on assessment, as well as for dues.    The cases cited, in my judgment, are no authority, as the facts did not call for a consideration of the question, nor does it seem in fact to have been carefully considered by the judges deciding those cases. I think, therefore, that the judgment in this case should be reversed.