MARY E. KEETON, CECIL KEETON and MYRON KEETON, Appellants, v. NATIONAL UNION, a Corporation, Respondent.

Kansas City Court of Appeals, April 6, 1914.

1. FRATERNAL BENEFICIARY ASSOCIATIONS: Life Insurance: Evidence: Burden of Proof. In a suit on a policy of insurance the question of whether the defendant is a fraternal beneficiary association or a regular insurance company is one to be decided upon the proof. And the burden is on the defendant to show that it is a fraternal company. The mere form of the contract, as distinguished from its character, does not prove defendant to be a fraternal beneficiary association.

2. ———: Forfeiture: Suspension: Pleading. Where defendant relies upon forfeiture as a defense it must plead all the facts necessary to show forfeiture. Mere suspension does not, *ipso facto*, work a forfeiture unless the contract expressly provides to that effect. Where the by-laws of the company provide that upon suspension the insured may reinstate himself in the company and still another method under certain circumstances where, by vote, he may be reinstated, mere suspension does not *ipso facto* work a forfeiture. In such case suspension merely places the insured in a position where a forfeiture may be declared, and the forfeiture does not occur until that is done.

3. ———: ———: Construction. Where a forfeiture is relied upon the one claiming it must clearly allege and prove it, and it will be construed most strictly against the insurer and in favor of the insured.

4. ———: ———: Evidence. By suspension is meant of course a lawful suspension. And in an action by the insured's beneficiary on a policy it is not competent to prove the fact of suspension by mere statements or declarations of the beneficiary that he has been suspended.

5. ——: Insurable Interest of Plaintiffs: Burden of Proof. Where the persons named in the policy are the plaintiffs, the burden of proving they are not entitled to sue rests on defendant. Want of insurable interest must be specially pleaded and cannot be shown under a general denial.

6. ——: Failure to Pay Premiums: Evidence: Burden of Proof. Where the company pleads failure to pay premiums or assessments, the burden is on it to prove such failure.

7. ——: Proofs of Loss: Waiver. Any act or conduct on the part of the insurer making it apparent that the furnishing of proofs would be an unnecessary formality amounts to a waiver thereof.

8. ——: Evidence: Application as Part of Policy: Admissibility. Where the suit is on the policy and the application is not the foundation of plaintiffs claim and does not qualify the terms of the policy, but contains matter of defense only, plaintiff ought not to be compelled to offer the application in evidence when the policy is offered but the defendant should put the application in when its evidence is offered especially when the question whether its contents are material will depend upon what the defendant proves in addition thereto.

9. ——: ——: Order of Proof. While the order in which proof may be introduced is largely in the discretion of the trial court, yet, plaintiffs ought not to be compelled to introduce as a part of their case, evidence that is matter of defense only. The orderly introduction of proof by the respective parties relying thereon tends to clarify the issues and to prevent confusion as to who has the duty of going forward with the proof.

Appeal from Jackson Circuit Court.—*Hon. Harris Robinson*, Judge.

REVERSED AND REMANDED.

*Haff Meservey, German & Michaels* for appellants.

*Joseph A. Wright, Noyes & Heath* and *George P. Kirby* for respondent.

TRIMBLE, J.—This is a suit by the widow and children of Cornelius Keeton upon what is termed a policy of insurance, (but which defendant calls a bene-

fit certificate), for $2000 issued by defendant to Kee-
ton on January 14, 1892, payable on his death to plain-
tiffs as the beneficiaries named therein. Plaintiffs
claim the defendant is an old line insurance company.

The answer admitted that the defendant was in
1892, and ever since has been, an Ohio corporation, do-
ing business in Missouri, and that it issued, in Mis-
souri, to Cornelius Keeton the policy sued on, (calling
it, however, a ''certificate'' and insisting and pleading
that defendant was, and is, a fraternal beneficiary as-
sociation authorized to do business as such in Mis-
souri.) The answer then attempted to plead a for-
feiture of the policy for nonpayment of dues, and also
set up a failure to furnish proofs of death. The reply
was a general denial.

At the trial the policy or certificate was offered in
evidence but, although its execution had been specifi-
cally admitted in the answer, defendant objected to it
unless the ''application'' attached was also introduced,
and the court sustained the objection and required the
application to be offered along with the policy. Plain-
tiff excepted to this ruling, but complied with it under
protest and offered both the policy and the application.
The latter contained this clause:

''I do hereby consent and agree that any untrue
or fraudulent statement made above, or to the Medical
Examiner, or any concealment of facts by me in this
application, or my suspension or expulsion from, or
voluntarily severing my connection with the order,
shall forfeit the rights of myself and my family, or
beneficiary, to all benefits and privileges therein, I
agree to make punctual payment of all dues and as-
sessments for which I may become liable and conform
in all respects to the laws, rules and usages of the or-
der now in force, or which may hereafter be adopted
by the same.''

Plaintiffs then put the widow on the stand and
proved by her that Cornelius Keeton died in February,

1904. On cross-examination she was shown an "Application for Reinstatement" and identified Cornelius Keeton's signature thereto, and the application for reinstatement was then offered by defendant as a part of the cross-examination. Plaintiffs objected on the grounds that it had not been properly pleaded, was not a proper cross-examination and did not prove or disprove any issue in the case. This was overruled and the document admitted, plaintiff excepting. It was addressed to the officers and members of Mechanics Council No. 446, National Union, located at Kansas City, Mo., dated April 10, 1902, signed by Cornelius Keeton, and contained this statement: "The undersigned, formerly a second rate member of this council, suspended Feb. 10, 1902, for nonpayment of assessment No. 247, hereby makes application for reinstatement at the same rate, in accordance with the laws of the order."

Plaintiffs then, in order to show a waiver of proofs of loss, offered a letter written by plaintiffs' attorneys to defendant in which the death of Keeton is stated, and also a letter written by defendant in answer thereto which in effect denied liability as it stated that Keeton severed his connection with the company February 10, 1902.

Plaintiffs rested, and thereupon the court sustained a demurrer to the evidence and was about to direct the jury to find for defendant when plaintiffs took a nonsuit, with leave, and have brought the case here on appeal.

The execution of the policy was admitted. The application, although attached to and in legal contemplation a part of the policy, was not the foundation of plaintiffs' claim, but contained matter of defense, if it contained anything material to the issues. And whether its contents would be material or effective as a defense would depend upon what the defendant proved in addition thereto. The policy was admissi-

ble without the application. [Travelers Ins. Co. v. Sheppard, 85 Ga. 751.] Plaintiffs, therefore, should not have been compelled to introduce the application in evidence as a part of their case, or as a condition precedent to their going on with their case. While the order in which proof may be introduced is largely in the discretion of the court, yet plaintiffs ought not to be compelled to introduce, as a part of their case, evidence that is a part of defendant's case and which should be introduced by it. The application did not explain or qualify in any way the terms of the policy. It was purely matter of defense. The orderly introduction of proof by the respective parties offering and relying thereon tends, in a measure, to clarify the issues, or at least helps to prevent confusion and error as to the one having the burden of proof, that is, the duty of going forward with proof.

The same may be said as to the introduction of the application for reinstatement as a part of the cross-examination of Mrs. Keeton. It was not really a part of her testimony. It was proper enough to have her identify her deceased husband's signature, but the introduction of it in evidence should have been deferred until it was defendant's turn to offer evidence. As said above, this orderly method would have tended to avoid confusion. We do not say it was error to thus admit it, but it is easier to keep clearly in mind the facts which each side has proved, and is required to prove, before prevailing in the case or compelling the other side to go forward with further testimony.

One of the great issues in the case was whether or not the defendant was an ordinary life insurance company or a fraternal beneficiary association. Plaintiffs alleged it was the former while defendant claimed it was the latter. Plaintiffs' claim in this regard was no frivolous assertion, since the Federal Circuit Court of Appeals in passing on a policy issued in Missouri by

defendant less than a month after this one was issued, and having the same terms, held that it was not a fraternal order but an insurance company. [74 Fed. 775, l. c. 783.] That holding is not *res adjudicata* in this case so as to bind defendant with regard to plaintiffs. The question is one to be decided upon the proof when it is offered. And the burden of showing that it was a fraternal beneficiary association rested upon defendant. [Gruwell v. Knights and Ladies of Security, 126 Mo. App. 496.] The mere form of the contract, as distinguished from its character, does not prove defendant to be a fraternal beneficiary association. [Gruwell v. Knights, supra; Baltzell v. Modern Woodmen, 98 Mo. App. 153; Aloe v. Fidelity Mutual Assn. 164 Mo. 675; Logan v. Insurance Co., 146 Mo. 114.]

Without regard to whether defendant would come within the terms of our nonforfeiture statute even if it is not a fraternal beneficiary association, it was incumbent on defendant to plead facts showing that Keeton was not only suspended but also that his policy was forfeited. It is true the application for a policy signed by Keeton says that suspension shall forfeit the rights of himself and beneficiary. But this is not a declaration that suspension shall automatically work a forfeiture. And the other by-laws and provisions of the company show conclusively that mere suspension does not, *ipso facto,* work a forfeiture since it provides a method by which the insured may reinstate himself without action by the company, and still another method under certain circumstances where, by vote, he may be reinstated. If the provision in the application that suspension shall forfeit the rights to "all benefits and privileges in the *order*" means that it shall forfeit all rights in the *policy,* still, in the light of the by-laws and rules of the company, this does not mean that suspension does, *ipso facto,* forfeit it, but rather that suspension will place him in a position

where a forfeiture may be declared. When suspended he is still possessed of rights in the organization. He is still a member thereof but hanging by a thread, so to speak. The forfeiture does not occur until that thread is severed and the insured drops irrecoverably into outer space. When a forfeiture is sought the one claiming it must clearly allege and prove it, and it will be construed most strictly against the insurer and in favor of the insured. [Lewine v. Supreme Lodge, 122 Mo. App. 547.] Again, by suspension is meant, of course, a lawful suspension. There was no proof anywhere that Keeton had been suspended either lawfully or wrongfully. The "application for reinstatement" did not prove his suspension. It is not competent to prove that fact in an action by the beneficiary. [Lozensky v. Knights of Honor, 31 Fed. 592; Hanson v. Knights of Honor, 40 Ill. App. 216; Supreme Lodge K. P. v. Schmidt, 98 Ind. 374; Patrons Mut. Aid Society v. Hall, 49 N. E. 279; 25 Cyc. 936.]

Nor was there any proof that the application for reinstatement had been rejected. There was a paper signed by someone claiming to be the head physician or medical director, but no proof whatever as to his signature nor the effect of his disapproval. In addition to this, it appears that if said application for reinstatement was presented, all back dues had to accompany the same, and no proof was offered showing that this was done or that the defendant rejected the application or that Keeton did not thereafter continue to pay up his dues.

The plaintiffs were the persons named as beneficiaries in the policy, and for that reason it was not required of plaintiffs to show that they were entitled to sue, but the burden of proving that they were not so entitled rested on defendant. [Supreme Lodge K. of H. v. Davis, 58 Pac. 595; 29 Cyc. 232.] Want of insurable interest in plaintiffs must be specially pleaded

and cannot be shown under general denial.    [25 Cyc. 925.]

Where the company pleads failure to pay premiums or assessments the burden is on it to prove such failure.    [25 Cyc. 927; 29 Cyc. 233; Kumle v. Grand Lodge, 110 Cal. 204; Supreme Lodge v. Johnson, 78 Ind. 110; Mulroy v. Knights of Honor, 28 Mo. App. 463, l. c. 467; Forse v. Supreme Lodge, 41 Mo. App. 106, l. c. 117.]

The letters offered by plaintiffs, especially the one from the defendant, should have been admitted.    They were admissible to show waiver of proofs of death. "Any act or conduct on the part of the insurer, making it apparent that the furnishing of proofs would be an unnecessary and nugatory formality amounts to a waiver thereof." [Cullen v. Ins. Co., 126 Mo. App. 412, l. c. 418; McDonald v. Bankers Life Assn. 154 Mo. 618; Hays v. Gen'l. Assembly etc. Assn. 127 Mo. App. 195, l. c. 198; Welsh v. Chicago Guaranty Fund Life Society, 81 Mo. App. 30.]    Plaintiffs did not have to plead a waiver of the proofs of death in order to show that fact.    [Nickell v. Ins. Co., 144 Mo. 420.]

It follows, therefore, from all that has been hereinabove said, that defendant was not entitled to have its demurrer sustained.

Plaintiffs urge that they are entitled to have the case reversed and remanded with directions to enter judgment for them.    We do not think so.    Apparently defendant was prepared to offer proof that it was a Fraternal Beneficiary Association authorized to do business in this state, and possibly, to show also that plaintiffs were not otherwise entitled to recover and it ought not to be deprived of that opportunity merely because the court by a favorable ruling obviated the necessity of going on with its proof.

Again, whether our nonforfeiture statute applies to this insurance company, even if it is not a fraternal society, (about which applicability we express no

opinion, since that point was not briefed) may depend upon the disclosures made by the proof. The case is, therefore, reversed and remanded for a new trial. All concur.