No. 25,678.

IDA C. CLOVER, *Appellee*, v. BANKERS LIFE COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

LIFE INSURANCE—*Extension Note Given—Note in Default—Notice of Forfeiture*. A life insurance policy gave thirty-one days grace in which to pay annual premiums. Shortly before a premium became due, the insured paid part of the premium and executed an extension note providing for the payment of the remainder of the premium at a future date. The note contained the following: "Unless payment is made in full at the time stated, the said policy shall be and remain absolutely void except as to any nonforfeiture provision contained therein or by law." The note was not paid, and the day after its maturity the insurer gave notice of forfeiture under sections 40-332 and 40-333 of the Revised Statutes. *Held*, That the notice of forfeiture was not prematurely given.

Appeal from Jewell district court; WILLIAM R. MITCHELL, judge. Opinion filed February 7, 1925. Reversed.

*R. W. Turner, D. F. Stanley, R. B. Turner*, all of Mankato, *W. S. Ayres*, and *R. B. Alberson*, both of Des Moines, Iowa, for the appellant.

*R. C. Postlethwaite*, of Mankato, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff sued to recover on a policy of life insurance issued by the defendant on the life of the son of the plaintiff. The defendant pleaded that the policy had been forfeited for nonpayment of a premium. There was a verdict in favor of the defendant, and a new trial was granted on the motion of the plaintiff. From the order granting a new trial, the defendant appeals.

The policy was for $2,000, and was dated November 28, 1919. Premiums were payable annually thereafter. The first annual premium was paid. The second annual premium due in November, 1921, was not paid; but before it was due, the insured paid $7.92 and executed a note for $47.84 due on or before May 28, 1922, thereby extending the time for the payment of the premium to that date. The note contained the following provision:

"It is expressly agreed that unless payment is made in full at the time stated, the said policy shall be and remain absolutely void except as to any nonforfeiture provision contained therein or by law."

The note was not paid, and on May 29, 1922, the defendant deposited in the post office of Des Moines, Iowa, enclosed in a postage prepaid envelope addressed to the insured at his home at Jewell,

Kan., a notice that the premium on the policy was due and unpaid, and that the defendant intended to forfeit and cancel the policy unless payment of the premium should be made within thirty days from the deposit of the notice in the post office. On December 29, 1922, the insured died without having paid the note.

The policy contained the following:

"Thirty-one days of grace without interest will be allowed in payment of any premium after the first, the policy to remain in force for its full amount during such period. If death occurs within the time of grace, the unpaid premium for the then current policy year shall be deducted from the amount payable hereunder."

The order of the court recites:

"The court concludes that as a matter of law in construing said policy, said premium extension note and sections 40-332 and 40-333, Revised Statutes of the State of Kansas, that the aforesaid provisions of said policy for thirty-one days grace apply to said premium extension note and that the giving by the defendant of its notice of forfeiture dated May 29, 1922, was premature and ineffectual to terminate the liability of the defendant to plaintiff under the policy sued upon in this action, and that the court should have sustained her motion for an instructed verdict in this case; that by reason of the said erroneous ruling of this court thereon, and solely for that reason, plaintiff's motion for a new trial is by the court sustained and a new trial is hereby granted to plaintiff, and this case be continued for further proceeding in that behalf."

The plaintiff contends that the notice was prematurely given because it should have been given at the close of thirty-one days after the note became due, and not on the day after it became due. The case turns on the validity of that contention.

The material statutes are sections 40-332 and 40-333 of the Revised Statutes. Section 40-332 in part reads:

"It shall be unlawful for any life insurance company other than fraternal doing business in the state of Kansas to forfeit or cancel any life insurance policy on account of nonpayment of any premium thereon, without first giving notice in writing to the holders of any such policy of its intention to forfeit or cancel the same."

Section 40-333 in part reads:

"Before any such cancellation or forfeiture can be made for the nonpayment of any such premium the insurance company shall notify the holder of any such policy that the premium thereon, stating the amount thereof, is due and unpaid, and of its intention to forfeit or cancel the same, and such policyholder shall have the right, at any time within thirty days after such notice has been duly deposited in the post office, postage prepaid, and addressed to such policyholder to the address last known by such company,

in which to pay such premium; and any attempt on the part of such insurance company to cancel or forfeit any such policy without the notice herein provided for shall be null and void."

The argument of the plaintiff is that the note extended the time for the payment of the premium to May 28, 1922; that the policy gave thirty-one days additional in which to pay the note; and that notice under the statute could not be given until thirty-one days after the maturity of the note had expired. The argument of the plaintiff might be good if it were not that "parties to an unperformed contract may, by mutual consent, modify it by altering, excising, or adding provisions, provided the modifications do not make it illegal or violative of public policy." (13 C. J. 589.) When the note was given a new contract was made which extended the time for the payment of the second annual premium. It was a contract made upon consideration. The insured secured an extension of his policy; the defendant obtained money for carrying the policy until the due date of the note, and obtained the note providing for the payment of the premium. The argument of the plaintiff is not good, because the thirty-one day provision of the policy applied to the payment of premium as provided for in the policy, not as might be provided for by contracts outside the policy. The note extended the time for the payment of the premium, but there is nothing in the note tending to show that the insured had an additional thirty-one days for its payment. Its terms provided otherwise. It in effect extended the period of grace from thirty-one days to six months. It stated "that unless payment is made in full at the time stated, the said policy shall be and remain absolutely void except as to any nonforfeiture provision contained therein or by law." (The thirty-one days additional time provided in the policy for payment of premiums was not one of the nonforfeiture clauses of the policy.) The note did not carry with it the privilege of paying it thirty-one days after its maturity. The statute did not require the defendant to wait thirty-one days after the maturity of the note before notifying the insured that the policy would be cancelled if the note were not paid. The grace given by the policy for the payment of premiums did not attach to the note. This conclusion is supported by *Pan-American Life Ins. Co. v. Carter*, 202 Ala. 237; *Robnett v. Cotton States Life Ins. Co.*, 148 Ark. 199; *Schmedding v. Northern Assurance Co.*, 170 Mich. 528; *Sharpe v. New York Life Ins. Co.*, 5 Neb. (unofficial) 278; *Underwood v. Jefferson Standard*

*Life Ins. Co.*, 98 S. E. 832 (N. C.); *Kroksather, v. Western Union Life Ins. Co.*, 193 N. W. 48 (N. D.); *Kansas City Life Ins. Co., v. Leedy*, 62 Okla. 131; *Stewart v. Home Life Ins. Co.*, 131 N. Y. Supp. 504; and *Reed v. Bankers Reserve Life Ins. Co.*, 192 Fed. 408.

The plaintiff relies on *Cunningham v. Insurance Co.*, 106 Kan. 631, 189 Pac. 158, where this court said:

"Where before a life insurance premium becomes due an agreement is made extending the time of payment, a failure to meet the obligation at its new maturity does not cause a lapse of the policy, notwithstanding a provision therein contained to that effect; this result being prevented by the statute which forbids a forfeiture on account of the nonpayment of a premium until a thirty-day notice thereof shall have been given after such default has occurred."

The difference between the Cunningham case and the present one is that there no notice of the forfeiture of the policy was given at the maturity of the extension note, while in the present case such a notice was given the day after the note matured. In the Cunningham case the court held that the statute providing for thirty days notice prevented a forfeiture of the policy without that notice.

The judgment of the district court granting a new trial was erroneous. The judgment is reversed, and judgment is entered for the defendant.