CATHERINE A. MOSELEY, RESPONDENT, v. THE VICTORY LIFE INSURANCE CO., APPELLANT.—45 S. W. (2d) 119.

Kansas City Court of Appeals. December 7, 1931.

*Alcid Bowers* for respondent.

*Ralph T. O'Neil, Jno. D. M. Hamilton, Barton E. Griffith, Frank L. Kirtley* and *William Reiter* for appellant.

CAMPBELL, C.—This is an action upon a policy of life insurance in the sum of one thousand dollars issued by defendant to Harry I. Moseley, in which plaintiff, the insured's wife, is named as beneficiary. Plaintiff recovered judgment for the amount alleged to be due upon the policy, with penalties and attorneys fees, and defendant appeals.

The contract sued upon was executed in Kansas and the validity and interpretation thereof are governed by the law of that State.

The insured died in Kansas on October 14, 1929. Thereafter plaintiff moved to St. Joseph, Missouri, and brought suit in the circuit court of Buchanan county. Summons was served upon the Superintendent of Insurance of Missouri, and the return thereon is, upon its face, regular. After the service of summons defendant filed motion to quash summons and service upon the ground that the court had no jurisdiction of the subject-matter of the action; that the court had not acquired jurisdiction of defendant; that the cause of action did not accrue in Buchanan county, and that the defendant did not then and never did have an office or agency for the transaction of any business in Buchanan county, Missouri. Evidence was heard on the motion. The motion was denied and defendant obtained leave to answer. Though it is recited in the motion that defendant appeared specially for the purpose of the motion and for no other purpose, the legal effect of the filing of the motion, the introduction of evidence to sustain the allegations thereof, and subsequently obtaining leave to answer, was an entry of general appearance. [State ex rel. v. Grimm, 143 S. W. 483, 239 Mo. 134, 175.]

Defendant's third amended answer contains a plea to the jurisdiction of the court, based upon the same theory as that advanced in the motion to quash summons and service; that the policy was executed in the State of Kansas and that the statutes of that State, sections 40-332 and 40-333, of chapter 40, article 3, Revised Statutes of Kansas 1923, read:

"40-332. Cancellation of policy for nonpayment of premiums without notice. It shall be unlawful for any life insurance company other than fraternal doing business in the State of Kansas to forfeit or cancel any life insurance policy on account of nonpayment of any premium thereon, without first giving notice in writing to the holder of any such policy of its intention to forfeit or cancel the same . . ."

"40-333. Notice of intention to cancel policy for nonpayment of premium; time for payment. Before any such cancellation or forfeiture can be made for the nonpayment of any such premium the insurance company shall notify the holder of any such policy that the premium thereon, stating the amount thereof, is due and unpaid, and of its intention to forfeit or cancel the same, and such policy holder shall have the right, at any time within thirty days after such notice has been duly deposited in the postoffice, postage prepaid, and addressed to such policyholder to the address last known by such company, in which to pay such premium; and any attempt on the part of such insurance company to cancel or forfeit any such policy without the notice herein provided for shall be null and void. The affidavit of any responsible officer, clerk or agent of the corporation, authorized to mail such notice, that the notice required by this sec-

tion has been duly addressed and mailed by the corporation issuing such policy shall be *prima-facie* evidence that such notice has been duly given.''

It is also averred in the answer that insured failed to pay the agreed premium and thereupon in compliance with the law of Kansas, defendant gave insured thirty days notice of cancellation and the policy was thereby forfeited and canceled on September 10, 1929.

There is no merit in the plea to jurisdiction. Defendant had not only entered general appearance but thereafter filed three answers before filing the answer upon which the cause was tried. The record does not contain any of the answers except the third amended answer. We will therefore not convict the trial court of error in determining the question of jurisdiction. Moreover, the defendant at the close of plaintiff's evidence and again at the close of the whole case, asked the court to instruct the jury that plaintiff could not recover and that the verdict must be in favor of defendant. Thus defendant requested the court to exercise jurisdiction and is therefore not in position to say that the court did not have jurisdiction.

The pleaded statutes brought ''before the court the judicial construction of that statute as interpreted by the courts of the State in which it was enacted.'' [Ramey v. Missouri Pac. R. R. Company, 21 S. W. (2d) 873, 877.]

The Kansas statutes were construed in the case of Walford v. Insurance Company, 219 Pac. 263, 114 Kan. 411, and in the case of Clover v. Bankers Life Company, 232 Pac. 1068, 117 Kan. 683.

In the Walford case it is said:

''It was definitely stipulated in the contract that the date (for the payment of premium) was November 14, 1918, with the added grace period . . . If the date of the delivery of the original policy is the contract time for payment of premiums, the result would be that the notice was given before the time for payment of the premiums had expired and cause for forfeiture arose. That interpretation, however, would conflict with the plain terms of the insurance contract and would in effect be a modification by the court of the contract the parties chose to make. The time for the payment of premiums and when the insurance would terminate was definitely stated and coupled with it was a provision that a failure to pay any premium when due should operate as a forfeiture and terminate the obligations of the company.''

It was admitted that the notice of cancellation was received by the insured. Therefore, if the premiums paid by him were not sufficient to continue the policy in force and effect to a time later than August 10, 1929, the plaintiff is not entitled to recover. But we cannot judicially say that the premiums were insufficient to continue the

policy in force beyond that date. On that question the burden of proof was upon the defendant. [Keeton v. National Union, 165 S. W. 1107, 178 Mo. App. 301.]

After the death of the insured defendant transmitted to plaintiff's counsel a copy of its records showing the several payments of premiums by the insured. It is therein shown that decedent paid premiums in the total sum of $260.88, the last item of which is $10.16, paid on June 7, 1929. This is followed by the statement "Unearned premium, $11.67."

If at the time of the death of insured the defendant had in its possession, "unearned premium," then, of course, the policy was in force and effect. It may be that defendant can explain the quoted words but the value of the explanation will be for the trier of the fact. Upon the record it was not error for the court to refuse to direct verdict for the defendant. The court, however, submitted the cause to the jury upon the following instruction:

"The court instructs the jury that if you find from the evidence that the first payment was made on or about April 17, 1923, and the policy was then delivered to Harry I. Moseley, and if you further find from the evidence that premiums were paid covering a period of six years and six months, and if you further find from the evidence that the insured Harry I. Moseley died October 14, 1929, then your verdict should be for the plaintiff for nine hundred six dollars and twenty cents, as the amount due on said policy."

The instruction correctly states the rule applicable to a contract of life insurance executed in Missouri but that rule does not apply to the contract in suit.

Plaintiff obtained an instruction which allowed recovery of damages and attorneys' fees for vexatious refusal to pay the policy. Absent pleading and proof that the law of Kansas permitted recovery of damages and attorneys' fees, the instruction should not have been given. The judgment is reversed and the cause remanded. The Commissioner so recommends. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion of CAMPBELL, C., is adopted as the opinion of the court. The judgment is reversed and the cause remanded. All concur.