NOBLE, Respondent, v. KANSAS CITY LIFE INSURANCE COMPANY, Appellant.

(146 N. W. 606.)

1. **Insurance—Premiums—Evidence of Payment—Liability Under Policy—Statute.**

An insurance policy recited that it was issued in consideration of the specified annual premium for one year's term insurance, and that "this policy will be continued upon the further payment of a like amount," etc. **Held,** that these provisions were in effect an acknowledgement of receipt of the first premium, under Civ. Code, Sec. 1849, making an acknowledgement in an insurance policy of receipt of a premium conclusive evidence of its payment so far as to make the policy binding, notwithstanding any stipulation that it shall not be binding until premium is actually paid; since the word "continued," following the recital of the consideration, and the words "further payment" clearly imply, if they do not expressly acknowledge, a preceding payment; and the policy was therefore binding upon the insurer.

2. **Same—Premium—Waiver of Payment—Delivery of Policy Without Objection.**

An insurance company, by delivering a policy and accepting a note for first premium, thereby waived a provision providing that the policy should not take effect unless first premium has been paid.

3. **Forfeiture of Policy—Non-payment of Premium Note—Statute.**

Where the insured had given a note for first premium, the note not being paid when due, **held,** that the fact of non-payment of the note when due did not work a forfeiture of the policy under a provision therein declaring it void upon such non-payment, in view of the fact that under the terms of the

policy, as construed by the provisions of Civ. Code, Sec. 1849, acknowledgement in the policy of receipt of premium was conclusive evidence of payment of the premium, for the purpose of rendering the policy binding upon insurer.

Polley, J., concurring in the result.

(Opinion filed April 6, 1914.)

Appeal from Circuit Court, Davison County. Hon. FRANK B. SMITH, Judge.

Action by D. J. Noble, administrator, against the Kansas City Life Insurance Company, to recover upon a life insurance policy. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*Edward E. Wagner,* for Appellant.

A policy of life insurance is forfeited without affirmative action on the part of the company, by the failure to pay at maturity any note given for the payment of the premium, on the condition that if not paid at maturity, the policy shall cease and terminate. Iowa Life Insurance Co. v. Lewis, 187 U. S. 335, 47 L. Ed. 204; Bowen v. Insurance Company, 20 S. D. 103; Fidelity Co. v. Bussell, Ark. 86 S. W. 814, 25 "Cyc." 824 note 76.

The language of the policy, in order to have the effect of estopping the company from disputing payment of the premium, should, in plain and comprehensive language, contain an acknowledgement of the receipt of the premium.

The expression, "In further consideration of the annual premium of Fifty Dollars and Seventeen Cents for one year's term insurance" does not imply that that sum has been paid, when read in connection with the general provisions of the policy; it ought not to be given the effect of an acknowledgement of the receipt of a specific premium.

The policy was issued subject to all the terms and conditions thereof, among which were:

"This policy shall not take effect unless the first year's premium hereon has been paid, and this policy delivered to the applicant within thirty days from the date thereof, or unless the applicant is in good health at the time of its delivery." and that

"Upon failure to pay a premium on or before the date when due, or upon failure to pay any premium note when due, this policy shall become null and void."

The execution of the note was not payment of the premium, in the absence of an express agreement to that effect. McDonald v. Life Assur. Soc., (Wis.) 84 N. W. 154; Bowen v. Insurance Company, 20 S. D. 103.

The stipulations in the policy, to the effect that failure to pay the note at maturity renders the policy null and void, takes away the only protection the company has, and this ought not to be done by an unauthorized interpretation of a statute, or by the strained construction of the language of the policy. Ferguson v. Northern Assur. Co., 26 S. D. 350.

*Spangler & Haney*, and *W. M. Herbert*, for Respondent.

Payment of first premium cannot be denied: The policy expressly declares it shall not take effect unless the first premium has been paid. The company, in writing, before this action was commenced, declared that the policy took effect March 15th, 1911, and continued in force until September 15th, 1911. This is conceded by its answer. It cannot be heard to say that the policy did not take effect when it was delivered. Then, by the terms of the policy itself, the company is estopped from asserting that the first premium was not paid. This being so, the policy must be regarded as having continued in force until it would have lapsed by failure to pay the second premium, and that could not have occurred until April 15th, 1911, one month's grace being allowed for the payment of all premiums after the first.

"This policy will be continued upon the further payment of a like amount on or before the fifteenth of March, each year, thereafter until premiums shall have been paid for twenty years, including the first or until the prior death of the insured." We tend that the phrase, "Further payment," clearly implies, if it does not expressly acknowledge, a preceding payment. This, in substance and effect, is an acknowledgement of the first premium, and is conclusive evidence of its payment, so far as to make the policy binding, notwithstanding any stipulation therein that it shall not be binding until, or unless, the premium is actually paid. It precludes

the company from denying liability for non-payment of the first year's premium. Civil Code, Sec. 1849; Chasse v. Life Insurance Co., 27, S. D. 70; Farnum v. Phœnix Insurance Company, 83 Cal. 246; Palmer v. Continental Insurance Company 132, Cal. 68.

GATES, J. On or about March 16, 1911, the defendant delivered to plaintiff's intestate, Theodore Parliman, its policy of insurance upon his life bearing date March 15, 1911, the annual premium being $50.17. The defendant accepted Parliman's promissory note, dated March 6, 1911, and due six months thereafter for the first premium. Said note has never been paid. Parliman died on March 24, 1912, without having paid the second premium on said policy which matured March 15, 1912. On or about March 30, 1912, plaintiff as administrator, pursuant to the 30 days of grace allowed by the policy tendered defendant the amount of the second premium, which tender was refused. This action was tried by the court and judgment rendered against the defendant for the full amount of the policy. From the judgment and order denying a new trial defendant appeals.

The defendant denies liability under the policy by reason of the following numbered paragraphs of the policy:

"1. This policy shall not take effect unless the first premium hereon has been paid, and this policy delivered to the applicant within thirty days from the date hereof, or unless the applicant is in good health at the time of its delivery.

"2. The first year's premium only may be paid to the agent, All subsequent premiums are due and payable in advance at the home office of the company without notice. However, they may be paid to an authorized agent of the company, on or before the date when due, but only in exchange for a receipt signed by the President, Vice-President, Secretary or Assistant Secretary, and countersigned by such agent. Upon failure to pay a premium on or before the date when due, or upon failure to pay any premium note when due, this policy shall become null and void, without any action or notice by the company, and all rights shall be forfeited to the company, except as hereinafter provided. * * *

"8. No agent has power on behalf of the company to modify this contract, to extend the time of payment of premiums, to

waive any forfeiture, to bind the company by making any promise or any representation, or to deliver any policy contrary to the provisions of Section One hereof. These powers can be exercised only by the President, Vice President, Secretary or Assistant Secretary of the company and will not be delegated. * * *

"10. In case of default in the payment of any premium hereunder, or of any premium note when due, the company will reinstate the policy, if not previously surrendered, at any time upon written request by the insured to the company at its home office, accompanied by evidence of insurability satisfactory to the company, and the payment of all premium arrears, and the payment or reinstatement, of any indebtedness existing at the date of default, together with interest thereon at the rate of five per centum per annum."

"11. Grace in payment of premiums—A grace of one month (without interest charge) during which the insurance will remain in full force will be allowed in the payment of all premiums except the first."

Respondent contends that defendant's liability is fixed by the following provisions in the policy:

"This policy is issued in consideration of the stipulations, agreements and representations made in the application for this policy, a copy of which application is hereto attached and made a part hereof, and said policy and application constitute the entire contract between the parties hereto and in further consideration of the annual premium of Fifty Dollars and Seventeen Cents for one year's term insurance and to provide the legal reserve hereon from date hereof. This policy will be continued upon the further payment of a like amount on or before the fifteenth day of March, each year thereafter until premiums shall have been paid for twenty years, including the first, or until the prior death of the insured."

And by §1849 Civil Code, which is as follows:

"An acknowledgement in a policy of the receipt of premium is conclusive evidence of its payment so far as to make the policy binding, notwithstanding any stipulation therein that it shall not be binding until the premium is actually paid."

It will be observed that the portion of the policy reciting the consideration does not contain in express terms the words "receipt

of which is hereby acknowledged" as contained in the standard forms of life insurance policies prescribed in Chap. 58, Laws 1909.

[1] It is appellant's contention that this court should not construe the recital of the consideration as an implied acknowledgment of the payment of the first premium and that if such acknowledgment is not implied this case does not fall under the provisions of section 1849, C. C.

In the case of Dircks v. German Insurance Co., 34 Mo. App. 31, the policy contained the following provisions: "The German Insurance Company by its policy of insurance in consideration of $38.50 do insure Henry H. Dirck against loss," etc. Concerning that provision the court said: " It does not acknowledge receipt of that amount, indeed is silent thus far as to whether 'paid in hand' or agreed to be paid. However, the policy does refer to an agreement as to the consequences of non-payment of a premium note and the note itself made at the time, and, which is to be considered along with the policy, expressly stipulates for the payment of the premium at a future time. So that it is clear from the face of the written agreements, then and there entered into, that it was not a cash transaction, but the issuing a policy in consideration of a premium to be paid at a future time."

The contrary view was taken in Farnum v. Phoenix Ins. Co., 83 Cal. 246, 23 Pac. 869, 17 Am. St. Rep. 233, where it is stated: "The policy in this case does not formally express receipt of premium, but it recites a consideration of $73.50 for the contract of insurance, and declares that the policy shall not be binding until countersigned by the agent at Stockton, and thus impliedly authorizes him to consummate a binding contract of insurance for the consideration expressed. If the policy had contained a formal receipt of premium, its unconditional delivery would have been conclusive evidence of payment, so as to have estopped the defendant from denying the validity of the policy notwithstanding the declaration in it that it shall not be binding until the premium is actually paid (Civ. Code, § 2598; Basch v. Humboldt, etc., Ins. Co., 35 N. J. Law, 429; Prov. Life Ins. Co. v. Fennell, 49 Ill. 180); and upon principle the same result should follow where the policy is delivered as a valid and completed contract upon a consideration expressed therein, the receipt of which is impliedly acknowledged, an authorized credit

having been agreed upon as an equivalent and substitute for cash payment."

In case of Chasse v. Life Ins. Co., 27 S. D. 70, 129 N. W. 568; the recital of consideration was as follows: "In consideration of the statements and agreements in the application made to this company for this policy of insurance on the life of Julia Marie Chasse, * * * which is hereby made a part of this contract; and in further consideration of the payment of the annual premium of one hundred and five and 23-100 dollars on or before the third day of February in every year of the first twenty years of this policy." That case differed from the present one in that a receipt for the payment of the first premium accompanied the delivery of the policy and in that case this court said: "Reading the stipulations of the contract in the policy of insurance, and the conditions indorsed thereon, in connection with the receipt given by the company, and the fact that the policy was unconditionally delivered, constitutes, in our opinion, an acknowledgment of the receipt of the first premium within the meaning of section 1849 above quoted. The stipulations, therefore, in the policy that the same shall become null and void in case of the nonpayment of any note, must be held to apply to any note given subsequently to the first year's premium, as any other construction of the provisions in the policy would render them invalid under the provisions of the Code above quoted." The policy in that case contained other similiar provisions to those relied upon by appellant in this case.

[2] In our opinion the recitals in the present policy tend more strongly to imply an acknowledgment of the receipt of the first premium than do the recitals in either of the three policies above cited. This policy recites "in further consideration of the annual premium of $50.17." It also appears that this $50.17 was for one year's term insurance and to provide the legal reserve thereon from the date of the policy. It contains the further provision that "this policy will be continued upon the further payment of a like amount on or before the 15th day of March each year." The word "continued" necessarily implies the existence of a policy of insurance because otherwise there would be nothing to be continued. The policy having been delivered and the company having accepted the note given for the first premium there was necessarily a waiver of that portion of paragraph 1 of the policy which

provides that it shall not take effect unless the first premium has been paid.    1 Cooley on Ins. pp. 486, 507; Peever Merc. Co. v. Ins. Co., 25 S. D. 406; 127 N. W. 559.    Likewise the words "further payment" clearly imply, if they do not expressly acknowledge, a preceding payment.

We are of the opinion that this policy of insurance clearly acknowledged receipt of the first premium and therefore the company can not be heard to say that it has not been paid, insofar as the binding effect of the policy is concerned.

[3] Appellant further contends that even if the policy was in force until the time of the non-payment of the note it then lapsed because of the provisions of paragraph 2 hereinbefore recited.    In support of its contention the case of Iowa Life Ins. Co. v. Lewis, 187 U. S. 335, 23 Sup. Ct. 126; 47 L. Ed. 204, is relied upon.    In that case the court said:    "We are of the opinion, therefore, whilst the primary condition of the forfeiture for non-payment of the annual premium was waived by the acceptance of the notes, yet that the secondary condition thereupon came into operation, by which the policy was to be void if the notes were not paid at maturity."    In that case there was no statutory provision similar to our section 1849 C. C. To hold in this case that "The secondary condition thereupon came into operation" would plainly violate the provisions of that section of the Civil Code.

Finding no error in the record the judgment and order denying a new trial are affirmed.

POLLEY, J., concurs in result.