SCHUMACHER, Respondent, v. NORTH AMERICAN LIFE INSURANCE COMPANY, of Omaha, Appellant.

(169 N. W. 526).

(File No. 4377.  Opinion filed Nov. 29, 1918).

(1).  Insurance—Life Insurance—Recital re Premiums, Delivery of Policy, Effect—Statute—Non-payment of the Premium Note, as Defense, Admissability—Former Decision Considered.

Execution and delivery of a life insurance policy, which recited that it was issued in consideration of a specified annual premium for one year's term insurance, constitutes an "acknowledgement" of payment of premium, under Civ. Code, Sec. 1849, making an acknowledgment in such policy of receipt of a premium conclusive evidence of its payment so far as to make the policy binding; notwithstanding any stipulation that it shall not be binding until premium is actually paid; and the effect of such recital is not limited to the purpose and end of forbidding the insurance company to deny that the policy went into effect; the policy not being forfeited through failure of insured to pay

when due a note given for the first premium. **Held,** further, that proof that the first annual premium was paid partly by such note, which. note contained a provision that, upon default in payment thereof, the policy should be void, that the note became due prior to insured's death, and that immediately upon non-payment of note insurer notified insured that the policy had become forfeited, was properly excluded by trial court. Noble v. Kansas City Life Insurance Company, 33 S. D., 458, reaffirmed, as governing instant case. So **held,** under a policy containing no words giving notice that premium notes had been or could be given, or that non-payment of a premium note would work forfeiture.

(2). Same—Life Insurance—Recital of Policy and Application as Entire Contract—Non-payment of Premium Note, Effect on Beneficiary Re Defense of Unpaid Premium Note.

Without expressing any view as to whether, between an insurance company and the insured, provision in a premium note that non-payment thereof when due would forfeit the policy, held, that as to a third party, beneficiary thereunder, such provision in a note not referred to in the policy could not affect insurer's liability; since by issuance of the policy the beneficiary acquired vested rights which could not be destroyed by such a provision in the note, where, as here, the policy provided that the same and the application therefor contained the entire contract between the parties.

(3). Same—Premium Note, Non-payment Thereof as Defense to Liability—Interest Rate After Due, Effect re Voidness of Policy.

A life insurance premium note, which fixed the rate of interest it should bear after maturity, together with other provisions clearly contemplating the note might have legal existence after maturity, evidences at best no more than that the parties intended the policy should be voidable, not void, in case of non-payment of note. So held, where there was no provision merely suspending the policy after maturity and before payment of the note; the note contemplating that so long as it remained a valid obligation, the policy remained in force; it appearing by the answer that insurer treated the note as in existence and demanded payment thereof after maturity.

(4). Same—Life Insurance—Unpaid Note, In Reduction of Liability —Non-pleader of Counterclaim, Non-offer of Evidence, Effect.

Where, in a suit upon an insurance policy, the answer failed to plead a counterclaim in the amount of an unpaid note in reduction of defendant's liability, and there was no offer evidence for that. purpose, appellant insurance company cannot complain

that it was not permitted to prove non-payment of the note in reduction of its liability.

Appeal from Circuit Court, Minnehaha County. Hon. Joseph W. Jones, Judge.

Action by Emily M. Schumacher, against the American Life Insurance Company, of Omaha, to recover upon a life insurance policy. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*U. S. G. Cherry,* and *Roy B. Marker,* (W. W. Young of Counsel), for Appellant.

*Ransom L. Gibbs* (Kirby, Kirby & Kirby, of Counsel) for Respondent.

(1) To point one of the opinion, Appellant cited:

Baker v. The Mutual Life Ins. Co., 43 N. Y, 283; Bergson v. Insurance Co., 38 Cal. 541; Sheldon v. Atlantic, F. & M. Ins. Co., 26 N. Y. 460; 84 Am. Dec. 213; Sec. 1849, Civ. Code; Mutual Reserve Life Ins. Co. v. Heidel, 161 Fed. 535; Frank v. Sun Life Assurance Co. (Can.) 14 Canadian Law Times, 359; Security Life & Annuity Co. v. Underwood (Tex. C. C. A.) 150 S. W. Rep. 293; Marshall v. Missouri State Life Ins. Co. (St. Louis C. A.) 129 S. W. 40.

Respondent cited:

Noble v. Life Ins. Co., 33 S. D. 458; 146 N. W. 606, and also in Chasse v. Life Ins. Co., 27 S. D. 70; 129 N. W. 568.

WHITING, P. J. Defendant corporation insured the life of plaintiff's husband, plaintiff being named as the beneficiary. Within a year the insured died. This action was brought to recover upon the policy. From a judgment in plaintiff's favor and from an order denying a new trial this appeal was taken.

[1, 2] Appellant questions the correctness of the decision of this court in Noble v. Kansas City Life Insurance Co., 33 S. D. 458, 146 N. W. 606. We held in that case that the execution and delivery of a policy, worded similarly to the one now before us, was an "acknowledgment" of payment of premium under section 1849, C. C. But appellant contends that, even if the above be conceded, yet said section 1849, C. C., does not provide that such an "acknowledgment" is conclusive evidence of payment except for the purpose and to the end of forbidding it to deny that the policy went into effect. Appellant contends that, under the

contract between it and the insured, such contract, though it came into full force and effect upon its delivery, yet became forfeited through the failure of the insured to pay a certain note when due; and that to prove such forfeiture, but not to prove that the policy never became binding, it had the right to introduce proof that the first annual premium was paid partly by a note given by the insured, that said note contained a provision that, upon default in payment thereof, the policy should be void, that such note became due prior to the death of the insured, and that immediately upon nonpayment of such note the insurer notified the insured that such policy had become forfeited. The trial court excluded such proof. This ruling was strictly in accord with the decision of the Noble Case. The policy now before us was entered into after such decision and the construction that had been placed upon said section 1849, C. C., in that decision had become a part of the law of this state. Douglas v. Price County, 101 U. S. 677, 25 L. Ed. 968. We said:

"To hold in this case that 'the secondary condition (provision for forfeiture in case of failure to pay when due the note received for first premium) thereupon came into operation' would plainly violate * * * that section (section 1849) of the Civil Code."

[2] Moreover, the policy now before us differs from that in the Noble Case in that, in the Noble Case, the policy itself provided that the failure to pay any premium note before its maturity would work a forfeiture of such policy; while in the policy now before us we find no words that in any manner would give notice that premium notes had been or could be given; neither is there any provision, as in the Noble policy, that a nonpayment of a premium note would work a forfeiture. The policy before us specifically provides that it and the application therefor, a copy of which application is attached to and made a part thereof, contain the entire contract between the parties. Appellant contends that regardless of this provision in the policy the note signed by the insured became a part of the contract and the provisions thereof became binding. Without expressing any view as to whether, as between appellant and the insured, provisions in a note not referred to in the policy could override such a clause in the policy, certainly they could not, as against a third party named as the beneficiary in such policy. By the issuance of this policy respon-

dent acquired certain vested rights, and such rights could not be destroyed by any provision in another paper of whose existence the policy itself not only gave no notice but actually negatived.

[3] But there is another reason why appellant could not prevail. Its answer sets forth a copy of the note. This note must be construed as a whole, and when so construed it is perfectly clear that the parties intended at best no more than that the policy should be voidable in case of nonpayment of the note. This is apparent from the fact that such note contained provisions fixing the rate of interest which it should bear after maturity, together with other provisions that clearly contemplated that such note might have a legal existence after its maturity. It must be borne in mind that there was no provision merely suspending the policy after maturity and until payment of the note. This note clearly contemplated that, so long as the note remained a valid obligation against the insured, the policy remained in full force. The answer of appellant, even as amended upon the trial, fairly sets forth facts showing that appellant treated the note as in existence and demanded payment thereof after its maturity. It could not make an effective declaration of forfeiture and at the same time keep the note. May on Insurance (4th Ed.). § 344.

[4] The policy provides that ,in case of liability thereunder, there should be deducted from the face of such policy any sums that might then be owing appellant from the insured. Appellant now complains because it was not permitted to offer the note in evidence and prove its nonpayment, and thus reduce the amount of its liability. It is sufficient answer to this to note that no offset or counterclaim was pleaded; neither was there any offer of this evidence for that purpose.

The judgment and order appealed from are affirmed.