Note.—Reported in 205 N. W. 654. See, Headnote 1), American Key-Numbered Digest, Municipal Corporations, Key-No. 845(1), 28 Cyc. 1447; (2) Statutes, Key-No. 225¾, 36 Cyc. 1153; (3) and (4) Municipal Corporations, Key-No. 845(4), 28 Cyc. 1479; (5) Municipal Corporations, Key-No. 845(4), 28 Cyc. 1494; (6) Municipal Corporations, Key-No. 845(5), 28 Cyc. 1503, 1510, 1514; (7) Appeal and Error, Key-No. 1033(5), 4 C. J. Sec. 2890; (8) Waters, Key-No. 162, 40 Cyc. 661; (9) Municipal Corporations, Key-No. 845(4), 28 Cyc. 1494; (10) Trial, Key-No. 206(6), 38 Cyc. 1711; (11) and (12) Master and Servant, Key-No. 171(2), Waters, 40 Cyc. 682; (13) Trial, Key-No. 253(3), 38 Cyc. 1632; (14) Trial, Key-No. 192, 38 Cyc. 1670.

---

RITTER, Respondent, v. AMERICAN LIFE INSURANCE COMPANY, of Des Moines, Iowa, Appellant.

(205 N. W. 382.)

(File No. 5542.    Opinion filed October 2, 1925.)

Insurance—Payment—Bills and Notes—Estoppel—Note for Second Premium Not Paid at Maturity Held Payment Nothwithstanding Its Stipulation.

In view of Rev. Code 1919, Sec. 9340, note given in payment of second annual premium on life policy held payment of that premium, though not paid at maturity, notwithstanding stipulation of note that with or without notice and demand or notice of forfeiture, nonpayment at maturity should release insurer from liability, such provision being no part of policy.

Campbell, J., dissenting.

Appeal from Circuit Court, Minnehaha County; HON. L. L. FLEEGER, Judge.

Action by Aretta J. Ritter against the American Life Insurance Company, of Des Moines, Iowa. From a judgment for plaintiff, defendant appeals. Judgment affirmed.

*Bailey & Voorhees,* of Sioux Falls, for Appellant.
*Danforth & Barron,* of Sioux Falls, for Respondent.

Appellant cited: Novak v. LaFayette Life Ins. Co., 184 N. W. 64; French v. Columbia Life & Trust Co., 80 Ore. 412, 156 Pac. 1042; Fidelity Mutual Life Insurance Company v. Price, 77 S. W. 384; Sexton v. Greensboro Life Ins. Co., 72 S. E. 863; Ressler v. Fidelity Mutual Life Ins. Co. (Tenn.), 75 S. W. 735; St. Louis Mutual Life Ins. Co. v. Grigsby, 73 Ky. 310; Dircks v. German Ins. Co., 34 Mo. App. 31; Iowa Life Ins. Co. v. Lewis, 187 U. S. 335; Reed v. Bankers' Reserve Life Ins. Co., 192 Fed. 411.

Respondent cited: Shumacker v. North American Life Ins. Co., 169 N. W. 526; Mutual Life Insurance Co. v. Kelly, 114 Fed. 268; Central National Bank v. Hume, 128 U. S. 195; Bowyer v. Continental Casualty Co., 72 W. Va. 333, 78 S. E. 1001; Lyke v. First National Life & Accident Insurance Co. (S. D.), 171 N. W. 603; Langbehn v. American Ins. Co. (S. D.), 171 N. W. 820; Hall v. Dakota Mutual Life Insurance Company (S. D.), 158 N. W. 449; Noem v. Equitable Life Insurance Company (S. D.), 157 N. W. 308.

POLLEY, P. J. This action was brought to recover on a policy of life insurance. The policy was issued on the 19th day of May, 1919. The annual premium of $27.40 was paid when the policy was issued. The second annual premium was not paid, but on the 28th day of April, 1920, one J. L. Ritter, on behalf of the insured, gave to the defendant his promissory note for the amount of the annual premium on the said policy, payable on the 1st day of November, 1920, in consideration for which note defendant waived the forfeiture clause contained in said policy. The note was not paid when due, nor at all, and after said date, to wit, on the 24th day of March, 1921, the insured died. The beneficiary claims that the note was accepted in lieu of a year's premium, and that the policy was in force at the time of the death of the insured; while on the other hand the defendant contends that, inasmuch as the note was not paid when due, the policy lapsed on that date, and that there was no further liability on the part of the defendant.

The note involved in this case is in all respects, except as to

dates and amount, similar to the note involved in Ritter v. American Life Ins. Co., 48 S. D. 571, 203 N. W. 503, recently decided by this court, and for the reasons stated in that case we hold that the second year's premium was paid by the acceptance of the said note, and that the policy was in force at the time of the death of the insured.

The judgment appealed from is affirmed.

CAMPBELL, J. (dissenting).    I am unable to adopt the views expressed in this opinion, or the views set forth in the opinion of this court in the case of Ritter v. American Life Ins. Co., 48 S. D. 571, 203 N. W. 503, recently decided.

I believe the sounder view to be that statutes similar to section 9340, Rev. Code 1919, providing in substance that the policy shall constitute the entire contract between the parties, relate to the time of the formation of the insurance contract, and are not intended to and do not prevent the insured and the company from entering into subsequent contracts with relation to payment of premiums thereafter to become due, or with relation to waiver of forfeiture, extension of time, and payment of future due premiums, or matters of that sort, and I believe that such subsequent contracts are enforceable in all their terms according to the fair interpretation thereof.    Keller v. N. A. Life Ins. Co., 301 Ill. 198, 133 N. E. 726; Fidelity Mutual Life Ins. Co. v. Price, 117 Ky. 25, 77 S. W. 384; French v. Columbia Life & Trust Co., 80 Or. 412, 156 P. 1042, Ann. Cas. 1918D, 484.

However, I do not believe a decision of that question is essential to a determination of this case.    The complaint in this case is upon a contract of insurance which is set out and made a part of the complaint.    There is no pleading of waiver or estoppel, or of any subsequent contract.    The insurance contract declared upon provides that it is issued in consideration of an annual premium to be paid in advance, and further provides if premiums are not paid when due the policy shall be ipso facto null and void and all premiums forfeited, except as provided in the policy.    To make out a prima facie right to recover on the policy, it was necessary to show the death of the insured at a time when the insurance contract was in force by virtue of advance payment of premium.    The respondent alleges the execution and delivery of the

insurance contract, effective May 19, 1919, together with the first annual payment of premium, and then alleges the payment of the second annual premium and the death of the insured as follows:

. "That thereafter and before said policy of insurance had elapsed and within the time required by the provisions of said policy, the said Pearl Ritter paid the second annual premium due upon said policy, continuing said policy of insurance in full force and effect, and after the 19th day of May, 1920, and that the defendant herein accepted said payment, and that said policy of insurance was in' full force and effect from and after the 19th day of May, 1920, to the 19th day of May, 1921. That thereafter, on or about the 24th day of March, 1921, the said Pearl Ritter died while said policy of insurance was in full force and effect, and which death was not caused by any of the causes exempted in the provisions of the said policy."

The answer denies the payment of the second annual premium. The proof offered by respondent at the trial in support of this essential allegation of the complaint was the delivery and acceptance by the company of a promissory note identical in form, excepting for dates, amounts, etc., to that set out in full in the opinion in Ritter v. American Life Insurance Co., 48 S. D. 571, 203 N. W. 503. The acceptance of this note was not a waiver of the forfeiture clause contained in the policy. The most that could be said in that connection is that the acceptance of the note according to its terms would defer the operation of the forfeiture clause in the original insurance contract to November 1, 1920, the maturity date of the note, and perhaps for a 30-day period of grace thereafter—that is, to Dec. 1, 1920—at which time if the situation continued unchanged the forfeiture would take place, not by virtue of any forfeiture provision in the note itself, but by virtue of the forfeiture clause in the original contract. However, in the instant case the death of the insured did not occur during that period, but occurred March 24, 1921, and I believe, therefore, that the sole question necessary to be determined in this case is whether or not the promissory note in question was delivered and accepted as payment of the premium on this policy for the period May 19, 1920, to May 19, 1921. In my judgment it cannot be held that this note was accepted as payment.

I think it will be conceded that the great weight of authority

is in favor of the rule that the giving of a promissory note is not payment of an obligation in the absence of an agreement that it shall be so taken. In this case the burden was upon the plaintiff to establish affirmatively, beyond the mere fact of the giving of the note, that the note was accepted as payment of the annual premium coming due May 19, 1920. I fail to find evidence which would justify any such finding. There is no claim in this case of any specific agreement on the part of the company to accept the note in payment of the premium, and the question of fact as to whether or not it was so given and accepted must be determined from the note itself and the surrounding circumstances.

This case must be distinguished from a well established line of decisions by this court, which appear to hold in practical effect that the giving of a note is payment of premium regardless of stipulation in the note itself. Analysis of these cases will show that in each instance the note in question was for the first annual premium in a life insurance policy, or for the full premium on a term fire insurance policy, and in each instance the policy as delivered acknowledged the receipt of the premium in question, and for all practical purposes the acceptance of the note amounted to payment of premium, not because it was in fact accepted as payment of premium, but because the company was estopped to raise the question by virtue of the provisions of section 1421, Rev. Code, 1919, which reads as follows:

"Receipt in Policy. An acknowledgment in a policy of the receipt of premium is conclusive evidence of its payment, so far as to make the policy binding, notwithstanding any stipulation therein that it shall not be binding until the premium is actually paid."

That was the situation in the case of Langbehn v. American Insurance Co., 41 S. D. 581, 171 N. W. 820, and also in the cases of Schumacher v. N. A. Ins. Co., 41 S. D. 178, 169 N. W. 526; Noble v. Kansas City Ins. Co., 33 S. D. 458, 146 N. W. 606; Chasse v. Bankers' Ins. Co., 27 S. D. 70, 129 N. W. 568; and Peever Mercantile Co. v. State Mutual, etc., Co., 23 S. D. 1, 119 N. W. 1008, 19 Ann. Cas. 1236 (affirmed on rehearing, 25 S. D. 406, 127 N. W. 559). In those cases the provisions of the note became immaterial by virtue of the statute, but in the instant case the only receipt of premium acknowledged by the company is the

first annual premium, and the question here is as to whether or not the second annual premium is paid, and the line of cases above set out have no bearing on that question and are certainly no authority for holding that under the circumstances of the instant case the terms of the note itself may not be looked at to determine whether or not it was in fact accepted as payment. The note itself provides:

"This note is given to extend the time of payment of a renewal premium on policy No. 33289.  *  *  *"

This is certainly inconsistent with the idea that the note itself was payment of the premium.

The point is also made that payment of the note was demanded after maturity and in fact after the death of the insured, and it is argued that such demands show that the note was taken in payment of the premium. With that argument I am entirely unable to agree. It assumes the very point in issue. Looking at the situation of the parties at the time this note was given, if the premium was not paid in cash or some arrangement made to take care of it the policy would have been forfeited 30 days after May 19, 1920, and the insured would have been deprived of all its benefits from and after that date, would have had no vested right to reinstate the same, and could not have acquired other insurance in like amount except by paying a higher premium rate by reason of a year's advance in age. The company, if it saw fit, could have stood upon its contract and insisted upon its forfeiture. Instead of so doing the company accepted the promissory note in question, and by accepting the note I think it is fair to say that the company, impliedly, at least, became obligated in the following particulars: (1) That it would extend the time for payment of the second annual renewal premium which came due May 19, 1920, to November 1, 1920, and by virtue of this obligation the date when the policy would forfeit for nonpayment of the second annual premium would be deferred from May 19, 1920, to November 1, 1920, with grace in each case. (2) That it would accept payment of the note and interest if paid at or before maturity as payment of the second annual premium. (3) That if the note and interest were paid after maturity, accompanied by evidence of good health of the insured satisfactory to the company, the policy, although forfeited, might be reinstated at the same premium rate.

These were the considerations for the giving of the promissory note, and they were ample. The fact that the insured, by failure to pay the note with interest at or before maturity, lost some of the benefits which might have been obtained by such payment did not release liability on the note, and did not show or tend to show that the note was given in payment of premium.

I think the respondent utterly failed to sustain the burden, which it recognized in its complaint, of showing that the note in question was accepted in payment of the second annual premium. The note itself entirely fails to show that it was so accepted. There is no evidence that the company ever agreed so to accept it, or that the insured believed, or was led to believe, that it was or would be so accepted.

I think the judgment should be reversed and the case remanded with instructions to enter judgment for the appellant.

Note.——Reported in 205 N. W. 382. See, Headnote, American Key-Numbered Digest, Insurance, Key-No. 349(3), 32 C. J. Sec. 333.