## STEWART v. HOME LIFE INS. CO.

(Supreme Court, Appellate Division, First Department. November 3, 1911.)

1. INSURANCE (§ 357*)—FORFEITURE FOR NONPAYMENT OF PREMIUM—EFFECT OF EXTENSION—STATUTORY PROVISIONS.

A policy provided that grace of one month would be allowed in the payment of premiums, and that if any premium due was not paid within the month of grace the policy should be void. Insurance Law (Consol. Laws 1909, c. 28) § 92, provides that forfeiture of a policy for nonpayment of premium shall not be declared within one year after the default in payment of any premium, unless a written or printed notice shall have been mailed to the insured at least 15 days before it was payable, nor until 30 days after the mailing of such notice. An insurer mailed due notice of a semiannual premium falling due February 27th, and on the last day of grace, March 27th, accepted one-fifth of the premium, and on April 27th the same amount, and extended payment of the balance until May 27th, at which time, it being still unpaid, the insurer treated the policy as lapsed. *Held,* that the extensions, which were upon condition that the balance should be paid, did not relieve the insured from the forfeiture or entitle him to any further grace.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 357.*]

2. INSURANCE (§ 645*)—ACTION—ISSUES, PROOF, AND VARIANCE.

Where the insurer, in an action on a policy, claimed a forfeiture for nonpayment of the balance of a premium due in February, on which time had been extended to May, when the balance was not paid, and pleaded the giving of a notice on April 30th with respect to the balance of premium next due under an extension then in force, but at the trial insured

---

put in evidence a notice of the premium due in February, which the insurer then proved was given in time, the insurer was entitled to the benefit of the earlier notice as if it had been pleaded, since the action was not tried strictly in accordance with the pleadings.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 645.*]

Appeal from Trial Term, New York County.

Action by Antonette Stewart against the Home Life Insurance Company. From a judgment upon a directed verdict for plaintiff, defendant appeals. Reversed, and a new trial ordered.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

Bernard Hershkopf (Howard Van Sinderen, on the brief), for appellant.

Frank E. Carstarphen (Jos. A. Burdeau, on the brief), for respondent.

LAUGHLIN, J. The plaintiff has recovered on a policy of insurance issued by the defendant on the life of her husband, in which she was designated as the beneficiary. The policy was issued on the 27th day of February, 1906, at which time a premium of $27.90 was paid as a term rate premium covering the period until the 27th day of August thereafter, from which time it was provided that an annual premium of $129.25 should be payable annually in advance. Six days before the time at which the first annual premium became due, at the request of the insured and plaintiff, an agreement in writing was made between the insured and the plaintiff and the company, to the effect that the premium should be payable in equal semiannual installments of $67.20 each on the 27th day of August and February, instead of annually, and that the conditions of the policy with respect to payment or nonpayment of premium should apply to such installment payments, but that otherwise they should remain in force.

The first semiannual payment was timely made. A premium notice was duly mailed to the insured on the 17th day of January, 1907, with respect to the semiannual premium falling due on the 27th day of February thereafter. This premium, however, was not paid. The policy contained the usual provision for one month's grace in the payment of premiums, as follows:

"Grace in Payment of Premiums.—In the payment of the second and subsequent premiums, a grace of one month will be allowed, provided interest be paid at the rate of five per cent. per annum for the number of days payment is deferred, during which time this policy shall remain in force."

On the last day of grace, namely, on the 27th day of March, 1907, at the request of the insured in writing, the company accepted $13.44, being one-fifth of the semiannual premium due, and 52 cents interest from the due date a month before, and extended his time for the payment of the balance for one month. On the day of the expiration of this extension, the insured applied to the company in writing to accept $13.44, another one-fifth payment, and grant an extension on the balance until the 27th day of May thereafter. The company accepted the payment and granted the extension. In the meantime, and before the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

expiration of this extension, the insured was twice notified of the balance unpaid and when it would be due; but he failed to pay the same, and did not ask for or obtain any further extension of time within which to pay it. The company thereupon elected to treat the policy as lapsed and forfeited, and two days later, and on the 29th day of May, 1907, wrote the insured, expressing regret that he had allowed the policy to lapse without remitting the balance, and expressing the hope that he might desire to have the policy reinstated, and manifesting willingness to assist in so doing should he desire it. On the 31st day of the same month, the superintendent of the renewal department of the company wrote the insured, again calling attention to the fact that he had terminated his contract, and manifesting willingness to continue the policy, provided he furnished satisfactory evidence of insurability and continued to pay the premiums as required, and requesting that he communicate with the writer of the letter on the subject. It appears that thereafter an appointment was made between the insured and the medical examiner of the company for his physical examination, with a view to reinstatement, but that the insured failed to keep the appointment, and that terminated the negotiations. The insured died on the 8th day of June, 1907.

[1] The complaint contains two counts, one of which is based on the theory that the defendant prematurely declared the policy forfeited, which dispensed with a formal tender of the balance of the premium and with formal proofs of death, and the other on the theory that the company, by accepting the installment payments, impliedly agreed to give the insured temporary insurance for a period extending beyond the time of his death. The only limitation the law imposes on the right of the company to declare a policy of insurance'forfeited for the nonpayment of premiums is that such forfeiture shall not be declared "within one year after the default in payment of any premiums, installment or interest," unless a written or printed notice shall have been mailed to the insured "at least fifteen and not more than forty-five days prior to the day when the same is payable," stating the amount due, and the place where and the person to whom the same is payable, and that unless such payment shall be made by or before the day it falls due the policy shall become forfeited, and "until the expiration of thirty days after the mailing of such notice." Insurance Law, § 92. The policy contained the following provision:

"If any premium be not paid when due or within the month of grace, or if any cash loan or interest thereon be not paid when due, this policy shall be void and all premiums forfeited to the company, except as herein provided."

Were it not for the extensions of the time of payment for part of the semiannual premium in question, it is manifest that the rights of the insured, and of the plaintiff, under the policy would have been forfeited for the nonpayment thereof. We fail to see how the extensions, which were given upon condition that the balance should be paid within the period of the extension, relieve the insured or the plaintiff from the forfeiture. The forfeiture had taken place. The effect of the extensions was to make a new agreement between the insured and

the company, by which it agreed to give him the benefit of the insurance, provided he paid the balance, then past due, within the time specified, and doubtless in the meantime, by virtue of this agreement, his life remained insured; but when he failed to keep the agreement, the company was at liberty to assert the original forfeiture, as it did.

[2] It is contended on the part of the respondent that the company is not in a position to claim a forfeiture on account of the non-payment of the semiannual premium within the month of grace following the 27th day of February, 1907, when it became due, for the reason that, instead of pleading the giving of notice which justified it in declaring the forfeiture at that time, it pleaded the giving of a notice on the 30th day of April, 1907, with respect to the balance of the premium next to fall due under the extension in force at that time. On the trial, however, the plaintiff introduced in evidence a notice given by the company to the insured, dated January 17, 1907, purporting to be given pursuant to the requirements of the insurance law, that the premium of $67.20 would be due on the 27th day of February thereafter, and in other respects complied with the law relating thereto, and the defendant proved without objection or exception that this notice was duly mailed to the insured on the day it bears date. In these circumstances, it must be assumed that the action was not tried strictly in accordance with the pleadings, and the defendant is entitled to the benefit of the notice of January 17, 1907, as if it had been pleaded. As we view the case, the rights of the insured and of the plaintiff were clearly forfeited prior to the death of the insured, and the essential steps to obtain his reinstatement had not been taken.

It follows, therefore, that the judgment and order should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.