SCHMEDDING v. NORTHERN ASSURANCE CO.

INSURANCE—DEFAULT—EXTENSION—GRACE.

After insured, who defaulted in the payment of premiums on his life insurance policy, had given notes extending the time of payment for upwards of four months, again defaulted, failing to pay one of the notes, he was not entitled to a further period of one month under provisions of Act No. 187, Pub. Acts 1907.

Certiorari to Wayne; Donovan, J. Submitted April 9, 1912. (Calendar No. 24,926.) Decided May 31, 1912.

Mandamus by Jan Schmedding against the Northern

Assurance Company to secure relator's reinstatement under a policy of insurance.   An order granting the writ is reviewed by respondent on writ of certiorari.   Reversed.

*Thomas A. E. Weadock* (*Fred H. Aldrich,* of counsel), for appellant.

*Edwin Henderson,* for appellee.

Stone, J.   The return of the circuit judge to the writ of certiorari issued herein shows that the relator applied to the circuit court for a writ of mandamus to compel the respondent to issue a receipt for the annual premium due December 21, 1910, upon a certain policy of insurance issued by the respondent upon the life of relator, and also directing the said respondent, its officers and agents, to hold and deem the said policy of insurance upon the life of relator to be in full force and effect.   The facts as stipulated and found by the circuit court upon the hearing, so far as here material, are as follows:

On December 21, 1908, the relator was insured by the respondent by policy No. 1,263.   A premium became due on said policy on the 21st day of December, 1910.   Said relator, being unable to pay said premium in cash, gave to the respondent two promissory notes, bearing date December 21, 1910, and payable, respectively, April 25, 1911, and May 23, 1911.   The first of said promissory notes was in the words and figures following:

"$26.01.          Detroit, Mich., December 21, 1910.

"April 25th, 1911, after date I promise to pay to Northern Assurance Co. of Michigan, at its home office, in Detroit, Mich., for value received, the sum of twenty-six and 01/100 dollars.   Same being ½ of the amount of the_____annual premium due and payable the 21st day of December, 1910, on policy No. 1,263, of said company.

" I understand and hereby agree that neither this note, nor any extension thereof, is given or accepted as a payment of said premium.   And I agree that the non-payment of this note, or any extension thereof, at maturity, shall *ipso facto* lapse said policy, and there will be due

the proportionate part of the face of this note, with interest, that the time from the date to the maturity of this note, or any extension thereof, bears to the whole time covered by said premium. I also agree that upon nonpayment of this note, or any extension thereof, if said policy should have any cash value, the company may charge the proportionate part of this note, or any extension thereof, that may be due as above provided, against such cash value, and any extended insurance value it may have shall be accordingly reduced.

[Signed]    " JAN SCHMEDDING."

The second of said promissory notes was exactly like the one above set forth, except that it was due May 23, 1911.

On May 2, 1911, relator tendered to the respondent the amount of the first-named note. Respondent accepted the money, upon condition that relator furnish to it a health certificate; said respondent claiming that on said date the nonpayment of said note at maturity had lapsed the policy. Relator failed to furnish a satisfactory health certificate, and thereupon respondent tendered back the money, which relator refused to accept. On May 25, 1911, relator tendered to respondent the amount due upon the second note. The respondent refused to accept the said money, and claimed that said policy had lapsed and was void because of the nonpayment of said notes at maturity. Thereupon relator filed a petition for mandamus, an order to show cause was granted, and upon the final hearing the writ of mandamus was issued, as above indicated.

The policy provides as follows:

"No premium shall be considered as paid unless and until a receipt shall be given therefor signed by the president or secretary, and countersigned by an agent authorized to receive such premium."

" A grace of thirty-one days will be allowed in the payment of all premiums, excepting during the first year, subject to an interest charge at the rate of five per cent. per annum, the policy to remain in force for its full amount during such period."

Act No. 187, Pub. Acts 1907, provides:

"Section 1. No policy of insurance shall be issued in this State unless the same shall contain the following provisions:

" First. A provision that all premiums shall be payable in advance, either at the home office of the company or to an agent of the company, upon delivery of a receipt signed by one or more of the officers who shall be named in the policy.

"Second. A provision for a grace of one month for the payment of every premium after the first year, which may be subject to an interest charge, during which month the insurance shall continue in force, which provision may contain a stipulation that if the insured shall die during the month of grace the overdue premium will be deducted in any settlement under the policy."

The provisions of this statute were before this court and received a construction in the following cases: *Mutual Benefit Life Ins. Co.* v. *Commissioner of Insurance,* 151 Mich. 610 (115 N. W. 707); *Franklin Life Ins. Co.* v. *Commissioner of Insurance,* 159 Mich. 636 (124 N. W. 522). The policy before us in this case appears to have complied with the statutory scheme of contract.

In his petition for mandamus, the relator states that when the annual premium became due on December 21, 1910, he was unable to pay the same, and gave to the respondent two promissory notes for the sum of $26.01 each, one payable April 25, 1911, and the other payable May 23, 1911. He admits that he did not pay either of these notes at maturity. When his annual premium became due on December 21, 1910, and he was unable to pay it, relator was entitled to 31 days of grace, subject to an interest charge of 5 per cent. per annum, during which time his policy was to remain in full force for its full amount. By his own showing by an agreement with it, he was granted by respondent, not only the contract period of grace, but many months beyond that period.

We are of opinion that he is in no position to complain that he did not have all the grace which is contemplated

either by the statute or the contract of insurance. We do not think that he was entitled to two periods of grace. We do not think there is anything in the statute or contract of insurance that prohibits the respondent from giving the extended grace that was granted to relator in the manner it was in this case, so long as the policy was kept in full force for its full amount during the grace period. Certainly the relator is in no position to complain of it. To hold otherwise would be to punish the respondent for its apparent attempt at fairness in extending the grace. *Koehler* v. *Modern Brotherhood of America*, 160 Mich. 180 (125 N. W. 49, 136 Am. St. Rep. 424).

In our opinion, his petition did not state such a case as entitled him to the writ of mandamus, or any other relief. Having reached this conclusion, it is not necessary to consider the other questions discussed by counsel.

The judgment of the circuit court is reversed, with costs.

MOORE, C. J., and STEERE, MCALVAY, BROOKE, BLAIR, and OSTRANDER, JJ., concurred. BIRD, J., did not sit.