### KANSAS CITY LIFE INS. CO. v. LEEDY.

No. 7740—Opinion Filed Jan. 16, 1917.

(162 Pac. 760.)

#### Insurance—Life Policy—Construction.

The provision in an insurance policy granting to the insured a grace of 30 days within which to pay all premiums except the first, and stipulating that said insurance shall remain in force during said time, held not to allow 30 days of grace after the maturity of a note executed by the insured to the company for a premium due at the date thereof, where the policy provides that upon a failure to pay such premium note when due the policy will become null and void.

(Syllabus by Hooker, C.)

Error from District Court, Ellis County; T. P. Clay, Judge.

Action by Clarence B. Leedy against the Kansas City Life Insurance Company, a corporation. Judgment for plaintiff, and defendant brings error. Reversed.

T. J. McComb and Stephen Treadwell, for plaintiff in error.

Chas. Swindall and C. B. Leedy, for defendant in error.

Opinion by HOOKER, C. In consideration of an annual premium of $118.44 payable on the 8th day of March of each year the Kansas City Life Insurance Company on the 8th day of March, 1909, issued to Clarence B. Leedy a twenty-pay life participating policy, and the said Clarence B. Leedy on the 8th day of March, 1914, and for every year thereafter until 1914, paid the annual premium provided by said policy.

It appears from an examination of the record here that when the premium upon this policy matured on March 8, 1914, the same was not paid when due, but a note was executed by the said Clarence B. Leedy to the company therefor due on September 8, 1914. When said note matured the same was not paid, but on or about the 28th day of September, 1914, the said Clarence B. Leedy tendered to the company the full amount of said note and interest, and demanded that the company accept said money and cancel said note and apply the same as the premium upon said policy. This the company refused to do, unless the defendant in error would make a written application accompanying the same with evidence of insurability satisfactory to the company, together with the payment of the premium, with interest thereon, as provided by the policy. This the said Leedy refused to do, and he thereupon instituted suit to compel it to comply with his demands as stated above, contending that by a clause of the policy which is as follows:

"Grace in Payment of Premiums.—A grace of thirty days, during which the insurance will remain in full force, will be allowed in the payment of all premiums except the first." —he was entitled to 30 days of grace after the maturity of the note given by him in satisfaction of the premium in which to pay the same, while the company asserted that under section 2 of the policy, which is as follows:

"Upon failure to pay a premium on or before the date when due, or upon failure to pay premium note when due, this policy will become null and void without action or a notice by the company, and all rights shall be forfeited to the company, except as to the options herein stated"

—when said note matured and was not paid, by the provision of the policy it became null and void without action or notice by the company, and all rights thereunder were forfeited to the company, and that this provision of the policy providing for 30 days of grace applied only to the premium, and not to any note executed by the insured in satisfaction of the premium. The premium upon this policy became due March 8th of each year, and it is evident by the terms of the policy that the insured had 30 days of grace in which to pay this premium, and it is asserted here by the company that when the insured obtained an extension in the time of the payment of this premium by executing his note to September 8th thereafter he obtained not only 30 days of grace provided by the policy, but a longer time than the policy itself contemplates, and that to extend to him now an additional 30 days of grace after the maturity of the note would be giving to

him more days of grace than the policy or the contract of the parties contemplated.

It will be observed that section 2 of the policy, in dealing with the question of forfeiture, designates the times when the forfeiture will take place: First, upon a failure to pay a premium on or before the date when due; second, upon failure to pay any premium note when due. In other words, this provision of the contract of insurance recognizes a distinction between the premium and the premium note, and this provision of the contract deals with these two items as separate and distinct obligations. With this apparent distinction confronting us, are we justified in saying that the subsequent provision of the policy whereby a grant of 30 days during which the insurance remained in full force was allowed in the payment of the notes executed in lieu of the premium? We are aware of that rule of law that, where any ambiguity exists in an insurance contract, the construction most favorable to the insured should be adopted. With this wise and salutary principle of the law we have no quarrel, but we do not think it applicable here. As we view the provision of this policy providing for grace in payment of premium, the same is applicable only to the premiums, and not to any note executed by the insured where by the terms the day of payment of the premium was extended for a longer time than the 30 days of grace provided for in the policy.

There is no question here as to the right of an insurance company under a given state of facts to forfeit a policy for a failure to pay the premium. The courts uniformly uphold this provision of the law, and this court, in the case of the Travelers' Insurance Company v. Mercer, 32 Okla. 503, 122 Pac. 134, said:

"A provision in a contract of insurance that provides that where a note given for a premium is not paid when due, the failure to pay shall work a forfeiture of the contract is a valid one, and will be enforced:"

It must be admitted here that, unless the provision of the policy allowing grace in payment of premiums may be extended so as to apply to premium notes, the company had the right to forfeit the policy in question. This question has been before the courts, and has been decided as follows:

The Supreme Court of Georgia in Bank of Commerce v. New York Life Insurance Company, 125 Ga. 552, 54 S. E. 643, said:

"The policy of insurance provides that one month's grace shall be allowed for the payment of premiums after the date of their maturity. When the second annual premium became due, the insured, being unable to pay the full amount, paid $21 in cash and gave his note for the balance, due five months after date. * * * The note was not paid when due, but a tender of the amount was made within thirty days after the maturity of the note. It is the contention of the plaintiff that the stipulation for one month's grace in the payment of premiums, contained in the policy, applied to the payment of this note. We think this contention is clearly contrary to the intent of the policy of the note. The insured was not only given his one month's grace, but really an extension of five months for a portion of his premium, and there was no stipulation that he should be entitled to any further extension of time. The note specifically provided that it shall be paid on the date of maturity, without grace, and the clause 'except as otherwise provided in the policy itself' does not relieve it of this condition. The policy and the note should be construed together, and it would be a violent construction which would hold that when the company, in lieu of the one month's grace, accepted the note without other consideration and extended the grace to five months, it further bound itself to an additional month's grace, in plain contradiction to the very terms of the note itself."

Also in Sexton v. Greensboro Life Insurance Company, 157 N. C. 142, 72 S. E. 863, the Supreme Court of North Carolina held that:

"Where a note for a part of an annual premium for a policy stipulated that, should the note not be paid at maturity, the policy should become void without notice, a failure to pay at maturity worked a forfeiture of the policy; the note being merely an extension of the time of payment."

In Reed v. Bankers' Reserve Life Insurance Company (C. C.) 192 Fed. 408, the Circuit Court for the Eastern District of Washington said:

"A provision of a life insurance policy giving the insured a month of grace for payment of each annual premium, after it becomes due by the terms of the policy, does not apply to notes given for a past-due premium, after the month of grace for payment of such premium has expired."

In Stewart v. Home Life Insurance Company, 146 App. Div. 709, 131 N. Y. Supp. 504, the Supreme Court of New York said:

"A policy provided that grace of one month would be allowed in the payment of premiums, and that if any premium due was not paid within the month of grace the policy should be void. * * * An insurer mailed due notice of a semi-annual premium falling due February 27th, and on the last day of grace, March 27th, accepted one-fifth of the premium, and on April 27th the same amount and extended payment of the balance until May 27th, at which time, it being still un-

paid, the insurer treated the policy as lapsed. Held, that the extensions, which were upon condition that the balance should be paid, did not relieve the insured from the forfeiture or entitle him to any further grace."

In the case of Schmedding v. Northern Assur. Company, 170 Mich. 528, 136 N. W. 361, it is said:

"Where an insured, upon giving his notes for his annual premium when it became due, was granted an extension of several months, and then failed to pay the notes at maturity, his policy lapsed and became void at once; Public Acts 1907, No. 187, sec. 1, which requires that every insurance policy shall contain a provision giving the insured one month's grace for the payment of every premium after the first year, and the policy, which conformed to this statute, not entitling the insured to two periods of grace."

And in the body of the opinion of this case it is said:

"We are of opinion that he is in no position to complain that he did not have all the grace which is contemplated either by the statute or the contract of insurance. We do not think that he was entitled to two periods of grace. We do not think there is anything in the statute or contract of insurance that prohibits the respondent from giving the extended grace that was granted to relator in the manner it was in this case, so long as the policy was kept in full force for its full amount during the grace period. Certainly, the relator is in no position to complain of it. To hold otherwise would be to punish the respondent for its apparent attempt at fairness in extending the grace."

In the case of Sharpe v. New York Life Insurance Company, 5 Neb. (Unof.) 278, 98 N. W. 69, the Supreme Court of Nebraska said:

"There is another reason under the facts disclosed by this record why the plaintiff cannot recover. As we have heretofore stated, when the second annual premium became due the assured could not pay it, and was compelled to ask the company for further time to meet this obligation, so the note which we have stated above was given. By the terms of this note the time for the payment * * * was extended to a day certain; and it was provided by the mutual agreement of the insurance company and the assured that in case the note was not paid at maturity all claims to further insurance, and all benefits whatever which full payment in cash of the premium would have secured should become immediately void and be forfeited to the company, except as otherwise provided in the policy itself. The note was never paid, and it, together with the policy, was canceled for nonpayment. From that time to the present all the acts of the defendant have been consistent with its claim of a forfeiture of the insurance. The agreement contained in this note was made solely for the benefit of the assured. Its terms

were fair and reasonable, and could not be misunderstood, and we see no reason why it should not be enforced. This identical question was before the New York Court of Appeals in the case of Holly v. Metro. Life Ins. Co. [105 N. Y. 437] 11 N. E. 507 * * *"

The court said in the body of the opinion:

"It is argued that taking the first note had the effect of designating a new period from which the default in payment of the premium should afterwards be measured, and that, as the premium only became due under the final arrangement on the 16th of August, 1877, the plaintiff by the policy had the right to a paid-up policy within 30 days after that time. This reasoning wholly ignores the condition contained in the note and renders the language thereof meaningless. The note not only extended the time of payment of the premium, but it distinctly stated, not that failure to pay at maturity should be treated as a default * * * but the language used was entirely explicit and free from doubt, making an unambiguous agreement to absolutely and immediately forfeit all right to further insurance if the note were not paid at maturity. * * * If language as plain and unambiguous as this is not only to be twisted out of its natural meaning, but is to be wholly ignored by courts of justice, it will be useless in the future for companies to make any efforts to bind policy holders to perform their contracts. The use of language is to express ideas, and writing is resorted to in order to furnish conclusive proof of what language was used. Being certain of the language used, and the case being free from fraud or mistake, if such language is plain and susceptible of but one meaning, that meaning, even in cases of contracts regarding life insurance, must control, though a forfeiture should be the result."

The Court of Appeals in Kentucky in New York Life Insurance Company v. Meinken's Adm'r, 80 S. W. 175, held:

"A life policy provided that, if any annual premium should not be paid as required, the policy would be continued for its full amount up to a specified date, or that, if any such premium should not be paid, the policy would be indorsed for a reduced amount of paid-up insurance, provided demand should be made, with surrender of policy, within six months after the time when the premium should have been paid. On the date when an annual premium was due insured gave a note for the premium, and, after the expiration of the period within which the full amount of insurance was continued in force, he died; the note not having been paid, and no demand having been made for paid-up insurance, Held, in an action on the policy, that a judgment for the full amount thereof, on the theory that the company was indebted to the insured for the paid-up insurance at the date of the default, and that it should have applied the insurance on the note, was erroneous, since, having failed to demand the paid-up insurance, the policy was in force for

a definite period, after which it was forfeited for nonpayment of the note."

In view of the authorities above quoted, we are of the opinion that the defendant in error was not entitled to 30 days of grace within which to pay the note executed by him for the premium upon his policy, and that by the terms of the policy itself, the note not having been paid at maturity, the company had the right to forfeit the policy, and that, inasmuch as the defendant did not avail himself of the opportunity given by the policy to have the same reinstated, he is not entitled to recover in this action, and the judgment of the lower court is therefore reversed.

By the Court: It is so ordered.