## KANSAS CITY LIFE INS. CO. v. HARPER.

No. 11023—Opinion Filed Feb. 27, 1923.

Rehearing Denied May 8, 1923.

Second Rehearing Denied June 26, 1923.

(Syllabus.)

1. **Insurance—Life Policy — Nature of Contract.**

A policy of life insurance without any qualifying provisions is not a contract of insurance for a single year, with a privilege of renewal from year to year by paying the annual premiums. It is an indivisible and continuous contract of insurance for life, subject, when so stipulated, to discontinuance and forfeiture for nonpayment of any installment of premium. Such premium installments are not intended as the consideration for the respective years for which they are paid, but each installment is part consideration of the entire insurance for life.

2. **Same — Construction — Terms of Policy Clear.**

If the terms of the policy are clear, consistent, and unambiguous, no forced or strained construction can be indulged in to give effect to the policy.

3. **Same—Provisions Construed Together.**

The various provisions of the policy should be considered and construed together, and a construction placed upon the policy consistent with its terms and provisions.

4. **Same.**

The whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable; each clause helping to interpret the others.

5. **Same—Default in Premiums — Lapse of Policy.**

The policy in the instant case was dated June 28, 1912. The undisputed evidence showed that the premium payments were as follows: June 28, 1912, prem. paid in cash, $59.63; June 28, 1913, prem. paid in cash, $59.63; June 28, 1914, prem. paid in cash, $59.63; June 28, 1915, prem. paid by note, $59.63, due in 6 months, or 12-28-1915;

12-28-1915, note extended to 6-28-16; June 28, 1916, note due and not paid. That on the latter date the loan value of the policy was $108.57, the indebtedness against the policy on account of unpaid note was $63.21, leaving a balance of loan value on said date of $45.36, which was applied to extend the policy for such part of the year as that amount sustained to the annual premium, to wit, nine months and three days, which expired March 31, 1917; the policy was not renewed; the insured died on November 17th thereafter. Held: (a) The foregoing was a proper application of the loan value under the terms of the policy and the statute; (b) the policy lapsed or expired on March 31, 1917, and therefore was not in force at the time of the death of the insured; (c) that the judgment of the trial court awarding judgment in favor of the plaintiff was erroneous in that it was a misapplication of the law to the facts.

Error from District Court, Oklahoma County; Geo. W. Clark, Judge.

Action by Norah Harper against the Kansas City Life Insurance Company to collect on policy. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Keaton, Wells & Johnston and George Kingsley, for plaintiff in error.

T. J. McComb, R. McMillan, and Stephen C. Treadwell, for defendant in error.

JOHNSON, J. This appeal is taken from the judgment rendered by the district court of Oklahoma county, on July 12, 1919, before Judge Clark. Norah Harper, plaintiff below, sued the Kansas City Life Insurance Company, defendant below, for recovery on a policy issued in the name of Oscar G. Harper, her husband. For convenience, we shall refer to the parties as they stood in the court below.

The petition, in substance, alleges:

"(2) That on the 28th day of June, 1912, the defendant, in consideration of an annual premium of $59.63 paid to it by Oscar G. Harper, made, executed, and delivered to the said Oscar G. Harper its certain policy of life insurance, in writing, insuring the life of the said Oscar G. Harper in the sum of two thousand five hundred dollars, and whereby it promised and agreed to pay to the plaintiff the sum of $2,500 upon the receipt of due proofs of death of the said Oscar G. Harper. A copy of said policy of insurance is hereto attached marked 'Exhibit A' and made a part hereof.

"(3) That on the 17th day of November, 1917, said Oscar G. Harper died and left surviving him the plaintiff, his wife, who is beneficiary in said policy.

"(4) That the plaintiff has furnished due proofs of the death of the said Oscar G. Harper in accordance with the provisions of said policy to the said defendant, and said Oscar G. Harper and the said defendant Norah Harper each duly performed all the conditions of said policy of insurance on their part and on the part of each of them."

In an amendment to the petition the plaintiff says there is a provision in the application for said policy as follows:

"That it is expressly agreed and understood upon my part that this contract is to be null and void and of no binding force whatever unless my application is received and accepted at the home office of the company and approved by the medical director, and the policy of insurance delivered to me or my beneficiary during my lifetime and while in good health."

And a provision in the policy was pleaded as follows:

"This policy shall not take effect unless the first premium hereon has been paid, and this policy delivered to the applicant within 30 days from the date thereof, or unless the applicant is in good health at the time of its delivery".

—and it is further set up in the amendment that it was not delivered to the plaintiff on the date of its execution—

"That the law of the state of Missouri requires the policy to be registered with the Superintendent of Insurance before delivery, and the policy shows upon its face that it was not registered until the 22nd day of July, 1912, and said policy was delivered to the insured on the 26th day of July, 1912, which was within 30 days after its date."

Wherefore, plaintiff prays judgment for $2,500, with interest.

The policy, marked "Exhibit A," is attached to the petition, and the parts material to this contest read as follows:

"(2) The first year's premium only may be paid to the agent. All subsequent premiums are due and payable in advance at the home office of the company without notice. However, they may be paid to an authorized agent of the company on or before the date when due, but only in exchange for a receipt signed by the president, vice president, secretary or assistant secretary, and countersigned by such agent. Upon failure to pay a premium on or before the date when due, or upon failure to pay any premium note when due, this policy will become null and void without any action or notice by the company, and all rights shall be forfeited to the company except as hereinafter provided.

"(3) Notice of each and every premium when due or to become due hereon is given and accepted by the delivery and acceptance of this policy. Notice of premiums coming due is sent to the insured as a matter of accommodation, but the company assumes no responsibility for the failure to send or the miscarriage or nondelivery of any notice.

"(4) Any indebtedness to the company including loans and interest accumulations and any balance of the then current policy year's premium remaining unpaid will be deducted in any settlement under this policy. * * *

"(8) No agent has the power on behalf of the company to modify this contract, to extend the time of payment of premiums, to waive any forfeiture, to bind the company by making any promise or any representation, or to deliver any policy contrary to the provisions of section one (1) hereof. These powers can be exercised only by the president, vice president, secretary, or assistant secretary of the company and will not be delegated. * * *

"(10) In case of default in the payment of any premium hereunder or of any premium note when due, the company will reinstate the policy, if not previously surrendered, at any time upon written request by the insured to the company at its home office, accompanied by evidence of insurability satisfactory to the company and the payment of all premiums arrears and the payment or reinstatement of any indebtedness existing at the date of default, together with interest thereon at the rate of five per centum per annum.

"Grace in Payment of Premiums.—A grace of one month (without interest charge), during which the insurance will remain in full force, will be allowed in the payment of all premiums except the first.

"Non-Forfeiture and Loan Features.

"After payment of premiums for three or more full years the following options shall be effective; if default occurs after a fractional part of the current year's premium has been paid, the values will be proportionately adjusted.

"Automatic Loan. If any premium on this policy shall not be paid when due, the same, without action on the part of the insured, and provided this feature shall not previously have been waived in writing filed at this office, shall be charged as an automatic policy loan with interest at six per centum per annum if the then loan value of the policy be sufficient to cover such loan in addition to any existing indebtedness and accrued interest. If the loan value or the balance thereof shall not be sufficient to pay the entire premium due, then it shall be used, if sufficient, to pay the premium for a shorter period, but not less than an entire quarterly premium, and if not sufficient to pay a quarterly premium, the policy shall cease to be in force and any residue

of the surrender value of said policy shall be paid in cash on surrender of the same. The accumulation of such automatic policy loans, with accrued interest thereon, shall be a first lien on the policy, but may be paid at any time in whole or in part. * * *

"Table of Loan and Surrender Values.

"This table will apply if this policy be free from indebtedness, but any existing indebtedness may be paid in cash and the table will then apply; or if not so paid, the loan and cash values will be reduced by the indebtedness and the amount of paid up or the term of extended insurance will be reduced in the ratio of indebtedness to the reserve of this policy.

| After the expiration of | Cash surrender of loan | Extended insurance years | Insurance months | Paid up Ins. |
|---|---|---|---|---|
| 3 years | $ 71.27 | 3 | 0 | 170 * * * |
| 4 years | 108.57 | 4 | 5 | 252 |

"This policy is issued in consideration of the stipulations, agreements and representations made in the application for this policy, a copy of which application is hereto attached and made a part hereof, and said policy and application constitute the entire contract between the parties hereto, and in further consideration of the annual premium of fifty-nine dollars and sixty-three cents for one year's term insurance from the date hereof. This policy will be continued upon further payments of a like amount on or before the twenty-eighth day of June each year thereafter during the continuance of this policy. * * *

"I agree that in any distribution of surplus or profits the principles and methods which may be adopted by the company for such distribution, and its determination of the amount belonging to any policy which may be issued by the company, shall be and are hereby ratified and accepted by and for every person who have or claim any interest under such policy."

The answer admits:

"* * * That on the 28th day of June, 1912, defendant made, executed, and delivered to Oscar G. Harper its policy of life insurance.

"Defendant further admits that said Oscar G. Harper died on the 17th day of November, 1917, and that Norah Harper, his wife, and the plaintiff herein, was named as the beneficiary in said policy.

"But defendant further states that it denies each and every other allegation in said petition contained, and having fully answered, asks to go hence with its costs.

"II.

"For further answer and defense to plaintiff's petition defendant states that said policy of life insurance sued on herein and referred to in plaintiff's petition contained the following express provisions, to wit:

'Kansas City Life Insurance Company, Kansas City, Missouri, agrees to pay $2,500 at the home office of the company in Kansas City, Missouri, to Norah Harper, wife of the insured, immediately upon receipt of due proofs of the death of Oscar G. Harper, the insured, during the continuance of this policy. This policy is issued in consideration of the stipulations, agreements and representations made in the application for this policy, a copy of which application is hereto attached and made a part hereof, and said policy and application constitute the entire contract between the parties hereto, and in further consideration of the annual premium of fifty-nine dollars and sixty-three cents for one year's term insurance from date hereof, this policy will be continued upon the further payment of a like amount on or before the 28th day of June each year thereafter during the continuance of this policy.

"Defendant states that by virtue of these provisions of said policy there was due on said policy on the 28th day of June, 1917, a premium in the sum of $59.63.

"Defendant further states that said policy also contained the following express condition, to wit: Upon failure to pay a premium on or before the date when due, or upon failure to pay any premium note when due, this policy becomes null and void without any action or notice by the company, and all rights shall be forfeited to the company except as hereinafter provided.

"And that said policy further contained the following provision: 'A grace of one month (without interest charge) during which insurance will remain in force will be allowed in payment of all premiums except the first.'

"Defendant further states that on the 28th day of June, 1917, the premium then due defendant was not paid, nor was the same paid at or before the end of one month after the 28th day of June, 1917, and defendant states that because of the failure to so pay said premium according to the express terms and conditions of said policy of life insurance the said policy became null and void, and ever since has been null and void and of no legal effect whatsoever."

Reply:

"Comes now the plaintiff in the above styled cause and for her reply to the answer of the defendant filed in this cause, says that she denies that a premium was due on the 28th day of June, 1917, but admits that it was due on the 26th day of July, 1917. And she denies that because of the failure to pay said premium at the time it was due, or within 30 days thereafter, the said policy became null and void, and denies that the same is now null and void and of no legal effect whatsoever. But plaintiff

avers that, on the contrary, on the 28th day of June, 1917, and on the 17th day of July, and at the time of the death of Oscar G. Harper, the insured, and at the present time the said policy of insurance herein sued upon was and is in full force and effect, as fully appears from the terms and stipulations of said policy contract declared upon and made a part of the plaintiff's original petition filed herein."

At the close of the evidence, by consent of counsel, the court discharged the jury from the case, the court and counsel agreeing that there was no dispute as to the facts, and, therefore, no issue of fact remained to be submitted to the jury.

The plaintiff in error assigns as error: The overruling of the motion for a new trial; overruling the demurrer of the defendant to the evidence of the plaintiff; error in refusing competent evidence offered on the part of plaintiff in error; error of law duly excepted to at the time of the trial; and error in the admission of incompetent evidence. Concerning these assignments of error, counsel for the plaintiff in error say in their brief:

"The only question in this case is whether or not the policy was in force at the time of the death of the insured. There is no material contest over the facts, and the primary contest arises on the construction of the policy in reference to the application of the reserve or loan value of the policy. It was expressly provided, that in case of default or nonpayment of the premiums, the can value would automatically apply, and the question before the court is as to the construction of the policy on this matter."

We agree with counsel that in the state of this record that is a correct statement of the question for our determination.

As we have seen, the plaintiff declared upon the policy, attached a copy of the same to her petition, and alleged compliance on the part of plaintiff and the deceased with all of the terms of the policy, and asked judgment for the full amount of the policy, to wit, $2,500, which sum was awarded the plaintiff by the judgment of the trial court. The undisputed facts disclosed that the policy was issued on June 28, 1912, and the annual premium of $59.63 was paid. Under the terms of the policy this payment continued the policy in force until June 28, 1913, with thirty days' grace in which to pay the next annual premium. On June 28, 1913, the second premium of $59.63 was paid. This payment likewise continued the policy in force for a year with 30 days' grace in which to pay the third premium. On June 28, 1914, the annual premium of $59.63 was paid, and likewise extended the

policy until June 28, 1915, on which date, on application of the insured, he executed premium note due in six months. At the end of the six months, to wit, December 28, 1915, an extension of the note was granted for six months, or to June 28, 1916. On that date the note was not paid, and it is the contention of counsel for plaintiff in error that on that date the policy lapsed for nonpayment of this premium note under the provision of the policy that:

"Upon failure to pay a premium on or before the date when due, or upon failure to pay any premium note when due, this policy will become null and void without any action or notice by the company, and all rights shall be forfeited to the company except as hereinafter provided."

The exception referred to in this provision of the policy was:

"Except as the policy might be carried on in force by the application of the automatic loan provision of the policy."

This policy had been in force four years, and the loan value, according to the tables, amounted to $108.57. Now, keeping in mind this specific provision of the policy as above described, we have this situation:

'June 28, 1912, prem. paid in cash,_____$59.63.
"June 28, 1913, prem. paid in cash,_____$59.63.
'June 28, 1914, prem. paid in cash,_____$59.63.
"June 28, 1915, prem. paid by note,_____$59.63.
   Due in 6 months, or 12-28-1915.
"12-28-15, note extended to 6-28-16.
"June 28, 1916, note due and not paid."

There was therefore a default in the payment of the premium, and by the terms of the policy the "automatic loan" feature became operative. Kansas City Life Ins. Co. v. Leedy, 62 Okla. 131, 162 Pac. 760; Underwood v. Jefferson Life Ins. Co. (N. C.) 98 S. E. 832; Seton v. Insurance Co., 107 N. C. 142, 72 S. E. 863, 160 N. C. 597, 76 S. E. 535, 157 N. C. 144, 72 S. E. 864; Bank of Commerce v. New York Life Ins. Co., 125 Ga. 552, 54 S. E. 643; Union Mutual Life Ins. Co. v. Adler, 38 Ind. App. 530, 73 N. E. 835, 75 N. E. 1088.

Loan value June 28, 1916,_____$108,57
Indebtedness against policy on account of
 note $59.63 and one year's interest on
 same, $3.58, total_____ 63.21
_____
Balance Loan Value 6-38-16_____$ 45,36

This amount, being less than an annual premium and more than a quarterly premium, was applied in full to extend the policy for such part of a year as $45.36 is of the annual premium. It may be stated in a proportion as follows: $45.36 is to $59.63, the full premium, as 9 months and 3 days is to 12 months. The undisputed evidence shows this was what the company did.

"It is therefore shown that $45.36 would carry the policy for 9 months and 3 days from June 28, 1916, or to March 31, 1917, on which date it fully expired, all of the value having been used up."

This was in accordance with the rule announced by this court in the case of Friend v. Southern States Life Ins. Co., 80 Okla. 76, 194 Pac. 204, where, in paragraph 7 of the syllabus, concerning this precise question, the court said:

"If any premium should not be paid when due, the premium should be charged against the policy as a loan, and, if the loan value of the policy was not sufficient to pay the total premium due, it should be applied on payment of the premium and extend the policy a shorter period of time."

If nothing else was done that would renew the policy after March 31, 1917, the date on which the policy expired or lapsed, then the policy was not in force on the date of the death of the insured, which occurred on the 17th day of November, 1917.

In order to bridge over this period of time, counsel for defendant in error's first contention is that the policy did not take effect and become operative until July 25, 1912, the date of the delivery of the same, and that such premium became due each twelve months thereafter, with 60 days' grace, and not on June 28th, the date of the policy, and on which date the annual premium became due by the terms of the policy. With this contention we cannot agree, because, as hereinbefore stated, the policy by its terms provided otherwise, and the authorities do not support counsel's contention. The rule is stated in 25 Cyc. 751, as follows:

"In General. Premiums are payable on the dates fixed by the contract, and the fact that the policy does not go into effect on a date corresponding to the date fixed for payment of subsequent premiums does not change the provisions of the contract as to when such subsequent premiums become payable."

In case of Methvin v. Fidelity Mut. Life Ass'n of Philadelphia (Cal.) 61 Pac. 1112, paragraph 1 of the syllabus reads as follows:

"Defendant issued to plaintiff a life insurance policy, which was signed at Philadelphia on July 30, 1895, and provided for the payment of quarterly dues on the 30th of July, October, January, and April in each year; and a receipt for the first quarterly premium was signed at Philadelphia by the president and treasurer of the company on July 30, 1895, but was not receipted and countersigned by the local agent until September 3, 1895, and stated that it covered dues until October 30, 1895. The policy provided that it should not be binding until delivered during the lifetime and good health of the applicant, and also for the forfeiture of the policy if the premiums were not paid when due. Assured died after October 30, 1895, without paying the second quarterly premium. Held, that the policy became void prior to the death of the assured, since the second quarterly premium became due October 30, 1895, and not December 3, 1895." Jewett v. Northwestern Nat. Life Ins. Co. (Mich.) 112 N. W. 734; Tibbitts v. Mutual Ben. Life Ins. Co. (Ind.) 65 N E. 1033; Klein v. Insurance Co., 104 U. S. 88, 26 L. Ed. 662; Smith v. Insurance Co., 28 U. S. App. 48, 63 Fed. 739; Insurance Co. v. Statham, 93 U. S. 24, 23 L. Ed. 789; Dover Glassworks Co. v. American Fire Ins. Co., 1 Marv. (Del.) 32, 29 Atl. 1039, 65 Am. St. Rep. 264, 269.

Counsel's second contention, that under section 3472, Revised Laws 1910, "interest due upon a policy loan if not paid when due should not be compounded," is untenable, as the reading of the statute will disclose. Section 3472 reads as follows:

"In ascertaining the indebtedness due upon policy loans, the interest, if not paid when due, shall be added to the principal of such loans and shall bear interest at the rate specified in the note or loan agreement."

For the reason stated in reference to proposition 2, defendant in error's proposition 3, that "the automatic loan provision is in conflict with the statute and should, therefore, be stricken down," cannot be sustained. Counsel's proposition 4 rests upon the same basis as proposition 3, and must therefore fail.

Counsel for defendant in error for their fifth proposition state as follows:

"Proposition 5.

"The figures all show that the policy was in full force and effect on September 28, 1917, even if the calculation is made from June 28, 1915, and the insured had, according to the terms of the contract, a grace of one month thereafter in which to pay his premium, but this grace is not necessary in this particular case, because on September 27, 1917, a full annual premium of $59.63 was paid, which payment the company was compelled to accept for the reason the policy had not lapsed, and no certificate of health could be required."

It is clear from what we have seen that the very basis for this proposition that "a full annual premium of $59.63 was paid, which payment the company was compelled to accept for the reason the policy had not

lapsed and no certificate of health could be required," is not sustained by the record. As we have stated, the policy did lapse on March 31, 1917, and, therefore, the attempt made by friends of the deceased in September thereafter, while the deceased was in a hospital undergoing a serious operation, to renew the policy by payment to someone not authorized to receive the same and without the required health certificate, all of which was repudiated by the company when brought to its knowledge, did not amount to a renewal under the very terms of the policy. This was clear from the undisputed evidence.

It is quite clear to us in reviewing the record as a whole that the trial court erred as a matter of law in rendering judgment for the plaintiff, and that the correct judgment should have been that the plaintiff take nothing.

For the reason stated, the judgment of the trial court is reversed, and the cause remanded for further proceedings in accordance with the views herein expressed.

KENNAMER, NICHOLSON, COCHRAN, and BRANSON, JJ., concur.